UNITED STATES of America, Plaintiff,

v.

CERTAIN REAL PROPERTY LOCATED AT 2408 PARLIAMENT, STERLING HEIGHTS, MACOMB COUNTY, MICHIGAN, Together With All of Its Fixtures, Improvements, and Appurtenances, Defendant.

No. 93–CV–72325–DT.

United States District Court,
E.D. Michigan,
Southern Division.

July 20, 1994.

David J. Portelli, Asst. U.S. Atty., Detroit, MI, for plaintiff.

Gerald D. Sanders, Southfield, MI, for defendant.

***OPINION AND ORDER GRANTING THE GOVERNMENT'S MOTION FOR SUMMARY JUDGMENT***

ROSEN, District Judge.

### I. *INTRODUCTION*

On October 29, 1993, the Government moved for summary judgment in this forfeiture action. The claimant of the property in this case, Carl Ronald Schweitzer, responded on December 16, and the Government replied on January 10, 1994. The Government also submitted a supplemental brief on April 22, to which the Claimant did not reply.

After reviewing the pleadings by the parties and the relevant law, and after hearing

oral argument on February 14, 1994, this Court is prepared to rule on the Government's motion. This memorandum opinion and order sets forth that ruling.

## II. *FACTUAL BACKGROUND*

The facts are undisputed. Claimant, Carl Ronald Schweitzer, is the sole owner of property located at 2408 Parliament. Pursuant to an anonymous tip corroborated by examinations of Claimant's garbage, the Sterling Heights police searched the premises on April 20, 1993, under authority of an unchallenged search warrant. The police found some 425 marijuana plants, 14 bags of marijuana, and 19 black pills. Claimant admits that these items were found on his premises, that they belonged to him, and that he used the basement of his house to grow marijuana. He also admitted that certain scales, books, and window coverings seized in the search and consistent with a narcotics operation belonged to him. *See* Claimant's Admissions. The house on Parliament is currently valued at approximately $87,000.00.

## III. *ANALYSIS*

Under 21 U.S.C. § 841(a), it is unlawful to manufacture, distribute, or dispense, or possess with intent to do same, a controlled substance such as marijuana. Civil forfeitures of property used to commit crimes under § 841(a) is authorized under 21 U.S.C. § 881(a)(7), which states:

> The following shall be subject to forfeiture to the United States and no property right shall exist in them:
>
> \*     \*     \*     \*     \*     \*
>
> (7) All real property, including any right, title, and interest (including any leasehold interest) in the whole of any lot or tract of land and any appurtenances or improvements, which is used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, a violation of this subchapter punishable by more than a year's imprisonment, except that no property shall be forfeited under this paragraph, to the extent of an interest of an owner, by reason of any act or omission established by that owner to have been

committed or omitted without the knowledge or consent of that owner.

■ The law of civil forfeiture is that the Government must show "probable cause to believe that a substantial connection exists between the property to be forfeited and the illegal exchange of a controlled substance." *United States v. 526 Liscum Drive*, 866 F.2d 213, 216 (6th Cir.1988). Probable cause is defined as: " 'reasonable ground for belief of guilt, supported by less than *prima facie* proof but more than mere suspicion.' " 866 F.2d at 216 (citation omitted). Once the Government demonstrates probable cause to believe the property was used in connection with drug transactions, the burden shifts to a claimant to show the property should not be forfeited. 866 F.2d at 216.

The Government, by virtue of the search and Claimant's admissions, has more than met its burden to show probable cause that the property on Parliament Street was tied to an illegal drug operation. Therefore, it is up to Claimant to show why he should not lose his home.

Claimant's only argument in defense of his property is based upon *Austin v. United States*, —— U.S. ——, 113 S.Ct. 2801, 125 L.Ed.2d 488 (1993). In that case, the Supreme Court held that the Eighth Amendment's excessive fines clause applied to civil *in rem* forfeitures. As a result of its decision, the Court remanded the case for further proceedings to determine if the mobile home and body shop belonging to the claimant in that case were subject to forfeiture by virtue of being sites for a small amount of cocaine, a pistol, and some drug paraphernalia. —— U.S. at ——, 113 S.Ct. at 2812. Claimant in this case argues that the forfeiture of his home would constitute an excessive fine for his drug-growing operation.

The Government replies that *Austin* in no way bars a finding that there is no question of material fact in this case as to whether forfeiture is proper. While the full Supreme Court gave little guidance on what factors a district court should consider in evaluating the Eighth Amendment's impact on *in rem* forfeiture actions, the Government stresses that Justice Scalia's concurrence did:

Unlike monetary fines, statutory *in rem* forfeitures have traditionally been fixed, not by determining the appropriate value of the penalty in relation to the committed offense, but by determining what property has been "tainted" by unlawful use, to which issue the value of the property is irrelevant. Scales used to measure out unlawful drug sales, for example, are confiscable whether made of the purest gold or the basest metal. But an *in rem* forfeiture goes beyond the traditional limits that the Eighth Amendment permits if it applies to property that cannot properly be regarded as an instrumentality of the offense—the building, for example, in which an isolated drug sale happens to occur. Such a confiscation would be an excessive fine. The question is not *how much* the confiscated property is worth, but *whether* the confiscated property has a close enough relationship to the offense.

—— U.S. at ——, 113 S.Ct. at 2815 (Scalia, J., concurring in part and concurring in the judgment). *See also Alexander v. United States,* —— U.S. ——, ——, 113 S.Ct. 2766, 2776, 125 L.Ed.2d 441 (1993) (remanding case to determine if Eighth Amendment forbade criminal forfeiture of whole sexual entertainment enterprise; Court held that "[i]t is in light of the extensive criminal activities which petitioner apparently conducted through this racketeering enterprise over a substantial period of time that the question of whether or not the forfeiture was 'excessive' must be considered."). In light of the reasoning in the *Austin* concurrence, and the uncontradicted facts of this case, the Government suggests that no material issue of fact exists on whether the property was " 'guilty,' and hence forfeitable." —— U.S. at——, 113 S.Ct. at 2815 (Scalia, J., concurring in part and concurring in the judgment).

In its supplemental brief, the Government also argued that the approaches of the different circuits on the Eighth Amendment's impact on civil forfeiture cases provide further support for the granting of its motion. Some courts, including the Sixth Circuit, have relied primarily on the extent of the criminal activity on the property in determining whether forfeiture is an excessive penalty. *See, e.g., United States v. 566 Hendrickson Blvd.,* 986 F.2d 990, 999 (6th Cir.1993) (holding that civil forfeiture of $65,000 home in which some 42 marijuana plants were grown "was [not] unconstitutionally harsh when balanced against the nature of claimant's crime and the extent of his unlawful agricultural activities."). Other courts have stressed the question of whether the property was an integral part of the criminal enterprise. *See, e.g., United States v. Stern,* 858 F.2d 1241, 1250 (7th Cir.1988) (condominium which was used exclusively as a call-forwarding center for prostitution ring so as to foil police interference was subject to criminal forfeiture). Still other courts have focused on the claimant's deliberate selection of the particular property for criminal activities. *See, e.g., United States v. Tax Lot 1500,* 861 F.2d 232, 235 (9th Cir.1988) (civil forfeiture of house and land valued at approximately $95,000 on which 143 marijuana plants were grown was proper; claimant chose to grow the plants on his own property rather than follow his colleagues' lead in using unoccupied land owned by the U.S.), *cert. denied sub nom. Jaffee v. United States,* 493 U.S. 954, 110 S.Ct. 364, 107 L.Ed.2d 351 (1989). And some courts have inevitably inquired into the proportionality of the value of the forfeitable property to the criminal activity. *See, e.g., United States v. Borromeo,* 1 F.3d 219, 221 (4th Cir.1993) ("In the wake of *Austin,* an inquiry into the proportionality between the value of the instrumentality sought to be forfeited and the amount needed to effectuate the legitimate remedial purposes of the forfeiture would seem to be in order."). *See also United States v. 11869 Westshore Drive,* 848 F.Supp. 107 (E.D.Mich.1994) (Cohn, J.) (holding that forfeiture of $85,000 residence was not a disproportionate penalty given street value of drugs tied to property on which house was located and applicable federal criminal fine of up to $250,000).

■ After reviewing these precedents, this Court believes that the various approaches taken by courts in cases applying the Eighth Amendment to civil forfeiture actions really boil down to a three-pronged inquiry, the first two prongs of which are factual determinations, and the third of which requires a

court to balance the results of the factual determinations with equitable considerations:

(1) How extensive was the use of the property in the underlying crime?

(2) What is the value of the property?

(3) Given the extent of the property's use in the crime and its value, is forfeiture an excessive penalty?

The Court adds that in answering these questions, a court should look to the totality of circumstances in the given case. No single fact or determination should end the inquiry.

■ Applying this test to the instant case, it is clear that forfeiture is appropriate. The use of the property on Parliament Street was extensive: over 400 plants were grown there. Moreover, the value of the property, $87,000, is minuscule compared to street value of the marijuana generated from such a large number of plants and the up to $2,000,000 fine applicable to the growth of 100 or more marijuana plants. *See* 21 U.S.C. § 841(b)(1)(B)(vii). In light of these undisputed facts, there can be no question that forfeiture of the property is not anything close to the kind of penalty that would be considered excessive under the Eighth Amendment. Summary judgment, then, should be granted in the Government's favor.

## IV. CONCLUSION

For the foregoing reasons,

NOW, THEREFORE, IT IS HEREBY ORDERED that Plaintiff's motion for summary judgment is GRANTED. Let Judgment be entered accordingly.