THREADGILL, Judge.
The Tampa Police Department appeals a final judgment denying, the forfeiture of a Dodge Intrepid used to drive to a location where the driver purchased $20 worth of crack cocaine. The trial court found that the forfeiture of the recently purchased $21,-339.00 Dodge would constitute an excessive fine. We affirm.
The complaint for forfeiture alleged that the vehicle was used in violation of section 932.702, Florida Statutes (Supp.1992), to purchase cocaine. The Supreme Court recently held that the Excessive Fines Clause of the Eighth Amendment applies to forfeitures which are used to exact punishment notwithstanding that the forfeitures are civil and remedial in purpose. See Austin v. United States, — U.S. -, 113 S.Ct. 2801, 125 L.Ed.2d 488 (1993); Alexander v. United States, — U.S. -, 113 S.Ct. 2766, 125 L.Ed.2d 441 (1993). The Court left to the lower courts the choice of criteria to be used in determining whether a forfeiture is excessive. Austin, — U.S. at-, 113 S.Ct. at 2812.
We affirm the denial of forfeiture based on the trial court’s conclusion that the forfeiture *552 would violate the Excessive Fines Clause of the Eighth Amendment. Although we do not necessarily agree with the reasoning of the trial court, we are satisfied that the trial court applied the multi-factor approach approved in Austin and considered some of the factors used by other courts in considering this issue.[1]
Affirmed.
FRANK, C.J., and CAMPBELL, J., concur.

. See U.S. v. One Parcel of Real Property Located at 9638 Chicago Heights, St. Louis, Mo., 27 F.3d 327 (8th Cir.1994); U.S. v. One Single Family Residence Located at 18755 North Bay Road, Miami, 13 F.3d 1493, 1498 (11th Cir.1994); U.S. v. Real Property Located at 1215 Kelly Road, Bellingham, Washington, its Buildings, Appurtenances, Attachments, Improvements, and Easements, 860 F.Supp. 764 (W.D.Wash. 1994); U.S. v. Certain Real Property Located at 2408 Parliament, Sterling Heights, Macomb County, Michigan, Together With All of Its Fixtures, Improvements, and Appurtenances, 859 F.Supp. 1075 (E.D.Mich.1994); U.S. v. One Parcel Property Located at 427 and 429 Hall Street, Montgomery, Montgomery County, Ala., 853 F.Supp. 1389 (M.D.Ala.1994); U.S. v. Certain Real Property Located at 11869 West-shore Drive, Putnam Tp., Livingston County, Mich., 848 F.Supp. 107 (E.D.Mich.1994); U.S. v. Real Property Located at 6625 Zumirez Drive, Malibu, Cal., 845 F.Supp. 725 (C.D.Cal.1994); U.S. v. Real Property Known and Numbered as 429 South Main Street, New Lexington, Ohio, 843 F.Supp. 337 (S.D.Ohio 1993).