The STATE of Ohio, Appellee,

v.

ZIEPFEL, Appellant.

[Cite as *State v. Ziepfel* (1995), 107 Ohio App.3d 646.]

Court of Appeals of Ohio,
First District, Hamilton County.

No. C–950011.

Decided Dec. 6, 1995.

Joseph T. Deters, Hamilton County Prosecuting Attorney, and Ronald W. Springman, Jr., Assistant Prosecuting Attorney, for appellee.

Richard J. Goldberg, for appellant.

PAINTER, Judge.

Defendant-appellant, George M. Ziepfel, Jr., was convicted of driving under the influence of alcohol pursuant to R.C. 4511.19(A)(3), his fourth DUI offense within five years. As part of the mandatory penalties in R.C. 4511.99(A)(4)(a) and (b), the trial court ordered that the motorcycle he was driving at the time of the offense be forfeited. At the forfeiture hearing, appellant testified that he had paid $23,000 for the limited production motorcycle and that he had recently been offered $30,000 for it. In contrast, the maximum fine that could have been imposed for the offense was $10,000. In his sole assignment of error, appellant contends that the trial court erred in ordering the forfeiture because it violates the Excessive Fines Clauses of the United States and Ohio Constitutions. This seems to be a matter of first impression in this state. The parties have cited no

Ohio cases which have considered the constitutionality of the mandatory vehicle forfeitures under R.C. 4511.99(A)(4)(b).[1]

In *Austin v. United States* (1993), 509 U.S. 602, 113 S.Ct. 2801, 125 L.Ed.2d 488, the United States Supreme Court concluded that the Excessive Fines Clause of the Eighth Amendment applies to *in rem* forfeitures when they constitute punishment for a criminal offense. However, the court declined to adopt a multifactor test for determining whether a forfeiture is constitutionally excessive. Instead, it remanded the case to the lower courts "to consider that question in the first instance." *Id.* at 622–623, 113 S.Ct. at 2812, 125 L.Ed.2d at 506.

In a separate concurrence, Justice Scalia discussed the difference between *in rem* and *in personam* forfeitures, noting that it is a much closer question whether *in rem* forfeitures constitute punishment. He went on to state that "the excessiveness analysis [regarding an *in rem* forfeiture] must be different from that applicable to monetary fines and, perhaps, to *in personam* forfeitures." *Id.* at 627, 113 S.Ct. at 2814, 125 L.Ed.2d at 509.

" * * * [A]n *in rem* forfeiture goes beyond the traditional limits that the Eighth Amendment permits if it applies to property that cannot properly be regarded as an instrumentality of the offense—the building, for example, in which an isolated drug sale happens to occur. Such a confiscation would be an excessive fine. The question is not *how much* the confiscated property is worth, but *whether* the confiscated property has a close enough relationship to the offense.

" * * * The relevant inquiry for an excessive forfeiture under [Section] 881 is the relationship of the property to the offense: Was it close enough to render the property, under traditional standards, 'guilty' and hence forfeitable?" (Emphasis *sic.*) *Id.* at 627–628, 113 S.Ct. at 2815, 125 L.Ed.2d at 509.

In response to Justice Scalia's concurrence, the majority stated in a footnote: "We do not rule out the possibility that the connection between the property and the offense may be relevant, but our decision today in no way limits the Court of Appeals from considering other factors in determining whether the forfeiture of Austin's property was excessive." *Id.* at 623, 113 S.Ct. at 2812, 125 L.Ed.2d at 506, fn. 15. See, also, *United States v. Premises Known as RR# 1* (C.A.3, 1994), 14 F.3d 864, 873.

The same day, the court also decided *Alexander v. United States* (1993), 509 U.S. 544, 113 S.Ct. 2766, 125 L.Ed.2d 441, in which the defendant was convicted of three racketeering offenses predicated on obscenity convictions. Ultimately,

---

1. *State v. Guy* (Nov. 2, 1994), Summit App. No. 16760, unreported, 1994 WL 605598, the only case considering R.C. 4511.99(A)(4), involved a question of notice only, and did not address the issue of constitutionality.

the trial court ordered the defendant to forfeit his wholesale and retail businesses which had been used to conduct his racketeering enterprise and almost $9,000,000 acquired through racketeering activity. The Supreme Court concluded that this *in personam* forfeiture should be analyzed under the Excessive Fines Clause pursuant to *Austin*, not the Cruel and Unusual Punishment Clause. *Id.* at 558–559, 113 S.Ct. at 2775–2776, 125 L.Ed.2d at 454–456. The court did not decide whether the forfeiture in that case constituted an excessive fine but instead remanded the case for the court of appeals to decide the question. However, the court did state:

"Petitioner contends that forfeiture of his entire business was an 'excessive' penalty for the Government to exact '[o]n the basis of a few materials the jury ultimately decided were obscene.' * * * It is somewhat misleading, we think, to characterize the racketeering crimes for which petitioner was convicted as involving just a few materials ultimately found to be obscene. Petitioner was convicted of creating and managing what the District Court described as 'an enormous racketeering enterprise.' * * * It is in the light of the extensive criminal activities which petitioner apparently conducted through this racketeering enterprise over a substantial period of time that the question whether the forfeiture was 'excessive' must be considered. * * *" *Id.* at 559, 113 S.Ct. at 2776, 125 L.Ed.2d at 455–456.

On remand, the Eighth Circuit Court of Appeals decided to remand the cause to the trial court to make the determination whether the forfeiture was an excessive fine. *United States v. Alexander ("Alexander II")* (C.A.8, 1994), 32 F.3d 1231. However, the appellate court did "set forth some principles to guide the district court on remand[.]" *Id.* at 1235. Noting that the Supreme Court had directed the district court to consider the extent and duration of the defendant's criminal activities, it concluded that "such an inquiry must also consider the gravity of the offense." *Id.* at 1236. Rejecting the government's argument that the court should consider only the extent of the illegal activity, not the value of the property forfeited, the court stated that "[w]e think it inherent in the inquiry that the court determine both the extent of the criminal activity and the quantum of property forfeited." *Id.* It went on to state that the district court's proportionality analysis must " 'accommodate the facts of the case and weigh the seriousness of the offense * * *.' " *Id.* at 1236–1237, quoting *United States v. Sarbello* (C.A.3, 1993), 985 F.2d 716, 724. Finally, the court directed the district court to consider the relationship between the sentence imposed and the forfeiture. *Alexander II, supra*, 32 F.3d at 1237.

The Supreme Court of Ohio discussed the issue in *State v. Hill* (1994), 70 Ohio St.3d 25, 635 N.E.2d 1248. In that case, the defendant, a landlord, was convicted of complicity to trafficking in marijuana for giving a tenant permission to grow

marijuana and for aiding and abetting in the illegal operation. Pursuant to R.C. 2925.42, the defendant was ordered to forfeit his apartment building valued at approximately $110,000. The court held that forfeiture of property pursuant to R.C. 2925.31 is a form of punishment and therefore is a "fine" pursuant to the Ohio and United States Constitutions. Prior to the entry of forfeiture, the trial court must make an independent determination whether forfeiture of that property is an "excessive fine." *Id.* at syllabus. The court further stated that "[t]he tone of the court in *Austin* and *Alexander*, and other recent cases from the United States Supreme Court, seems to be one of caution, encouraging fairness in the enforcement of forfeiture laws." *Hill, supra,* at 33, 635 N.E.2d at 1255. While the court did discuss some federal cases dealing with the issue of excessive fines, it did not establish any test, choosing instead to follow the lead of the United States Supreme Court and remand the cause to the trial court to determine what factors might be relevant. *Id.* at 33–35, 635 N.E.2d at 1255– 1256.

We have examined cases from other jurisdictions discussing *Austin* and *Alexander*. Some apply an "instrumentality" test based upon Justice Scalia's concurrence in *Austin* which only examines the relationship of the property to the offense and does not consider the property's value. To sustain a forfeiture under this test, the court must be able to conclude that the property was a "substantial and meaningful" instrumentality in the commission of the offense. *United States v. Chandler* (C.A.4, 1994), 36 F.3d 358, 365.

However, this test has generally been applied only in cases involving *in rem* forfeitures, which are "confiscations of property rights based on the improper use of the property, regardless of whether the owner has violated the law." *Austin, supra,* 509 U.S. at 624, 113 S.Ct. at 2813, 125 L.Ed.2d at 507 (Scalia, J., concurring). They are historically grounded on the fiction that the property itself is considered the "offender." *Id.* at 624, 113 S.Ct. at 2813, 125 L.Ed.2d at 507 (Scalia, J., concurring); *Chandler, supra,* 36 F.3d at 363. See, also, *United States v. One Single Family Residence Located at 18755 N. Bay Rd.* (C.A.11, 1994), 13 F.3d 1493, 1498–1499; *United States v. 9844 S. Titan Court, Unit 9, Littleton* (D.Colo.1994), 865 F.Supp. 709, 714–715; *United States v. Tanner* (W.D.Va.1994), 853 F.Supp. 190, 192–193, affirmed (C.A.4, 1995), 61 F.3d 231; *United States v. Certain Real Property Located at 11869 Westshore Dr.* (E.D.Mich.1994), 848 F.Supp. 107, 110. Further, the instrumentality test has been rejected by many courts as ignoring other relevant factors. *United States v. Real Property Located in El Dorado Cty. at 6380 Little Canyon Rd.* (C.A.9, 1995), 59 F.3d 974; *United States v. One Parcel of Real Property Located at 9638 Chicago Hts.* (C.A.8, 1994), 27 F.3d 327, 330–331.

The present case involves an *in personam* forfeiture. *In personam* forfeitures are "assessments, whether monetary or in kind, to punish the property owner's criminal conduct." *Austin, supra,* 509 U.S. at 624, 113 S.Ct. at 2813, 125 L.Ed.2d at 507 (Scalia, J., concurring). They are actions against the person, not the property, a form of punishment no different from a fine. *Alexander, supra,* 509 U.S. at 558–559, 113 S.Ct. at 2775–2776, 125 L.Ed.2d at 455–457; *United States v. Wild* (C.A.4, 1995), 47 F.3d 669, 674. In cases involving *in personam* forfeitures and in some cases involving *in rem* forfeitures, courts have applied a "proportionality" test, comparing the amount of the forfeiture with the gravity of the offense, in which the value of the property forfeited becomes a factor. *Id.*

In *Wild, supra,* the Fourth Circuit Court of Appeals stated:

" * * * *[I]n personam* criminal forfeitures * * *, which operate on the premise that the property being forfeited was obtained independent of any illegal activity, are subject to an excessiveness inquiry. That inquiry essentially asks whether the value of the property being forfeited is an excessive monetary punishment in relation to the offense giving rise to the forfeiture. In other words, the excessiveness inquiry turns on whether the government can exact a fine in the amount of the forfeiture in light of the defendant's conduct and the offense committed. The inquiry beckons a comparison of the value of the property being forfeited to the gravity of the offense committed by the defendant and the nature and extent of the defendant's activities. * * *" *Id.,* 47 F.3d at 676.

The court went on to conclude that only in "rare situations" will an *in personam* criminal forfeiture be considered excessive. *Id.* at 676.

In *Hill, supra,* the Ohio Supreme Court cited two federal court cases which use a proportionality test. Like the court in *Alexander II, supra,* it discussed *Sarbello, supra:*

" * * * [A] lower court's proportionality analysis ' * * * must necessarily accommodate the facts of the case and weigh the seriousness of the offense, including the moral gravity of the crime measured in terms of the magnitude and nature of its harmful reach against the severity of the criminal sanction. Other helpful inquiries might include an assessment of the personal benefit reaped by the defendant, the defendant's motive and culpability, and, of course, the extent that the defendant's interest and the enterprise itself are tainted by the criminal conduct.' The court also emphasized that '[t]he language of the eighth amendment demands that a constitutionally cognizable disproportionality reach such a level of excessiveness that in justice the punishment is more criminal than the crime.' " *Hill, supra,* 70 Ohio St.3d at 33–34, 635 N.E.2d at 1255.

The court also quoted from *United States v. Busher* (C.A.9, 1987), 817 F.2d 1409, 1415:

" 'In considering the harm caused by defendant's conduct, it is certainly appropriate to take into account its magnitude: the dollar volume of the loss caused, whether physical harm to persons was inflicted, threatened or risked, or whether the crime has severe collateral consequences, *e.g.*, drug addiction. * * * In addition, the court may consider the benefit reaped by the convicted defendant. However, the forfeiture is not rendered unconstitutional because it exceeds the harm to the victims or the benefit to the defendant. After all, RICO's forfeiture provisions are intended to be punitive. The eighth amendment prohibits only those forfeitures that, in light of all the relevant circumstances, are *grossly* disproportionate to the offense committed.' " (Emphasis *sic.*) *Hill, supra,* 70 Ohio St.3d at 34, 635 N.E.2d at 1255.

Very recently, Maryland's highest court adopted a proportionality test in a case involving an *in rem* forfeiture. It adopted a three-part test, directing the trial court to examine:

" '(1) the inherent gravity of the offense compared with the harshness of the penalty; (2) whether the property was an integral part of the commission of the crime; and (3) whether the criminal activity involving the defendant property was extensive in terms of time and/or spatial use.' " *Aravanis v. Somerset Cty.* (1995), 339 Md. 644, 664 A.2d 888, quoting *United States v. 6625 Zumirez Drive* (C.D.Cal.1994), 845 F.Supp. 725, 732. See, also, *6380 Little Canyon Rd., supra; United States v. Premises Known as RR# 1* (C.A.3, 1994), 14 F.3d 864, 874–875; *United States v. One Parcel of Property Located at Shelly's Riverside Hts. Lot X* (M.D.Pa.1994), 851 F.Supp. 633, 636.

The cases we have examined further indicate that the excessive fines analysis is fact-oriented. *Wild, supra,* 47 F.3d at 674; *Alexander II, supra,* 32 F.3d at 1237. One court has held that it is a mixed question of fact and equity. *United States v. Certain Real Property Located at 2408 Parliament* (E.D.Mich.1994), 859 F.Supp. 1075, 1077. A reviewing court must give deference to the trial court's findings of fact. However, constitutional analysis is a question of law to which a reviewing court applies a *de novo* standard of review, giving no deference to the trial court's conclusions. *Rothstein v. Athens City Bd. of Zoning Appeals* (Feb. 6, 1995), Athens App. No. 94CA1611, unreported, 1995 WL 57356; *State v. Faulkner* (Jan. 15, 1994), Lawrence App. No. 93CA12, unreported, 1994 WL 11423; *State v. Davis* (App.1995), 273 Utah Adv.Rep. 18, 903 P.2d 940; *Milwaukee v. Arrieh* (App.1994), 188 Wis.2d 602, 526 N.W.2d 279.-

After considering the above cases, we hold as follows: (1) The proportionality of the forfeiture must be assessed on a case-by-case basis. *Hill, supra.* (2) Trial courts should disregard the "mandatory" language of R.C. 4511.99(A)(4); it is no more mandatory than the "mandatory" forfeiture language in R.C. 2925.42(A)(1)(b), the statute involved in *Hill,* which the Ohio Supreme Court

interpreted to require a proportionality review. (3) The trial court must hold a hearing to determine the constitutionality of the forfeiture involved, applying the following factors: (a) the value of the vehicle; (b) the circumstances of the individual case; (c) the harm caused or potentially caused; (d) whether the vehicle was closely related to the crime, which it will certainly be in DUI cases; and (e) any other factors relevant to the issue. The defendant bears the burden both to request a hearing and to prove, by a preponderance of the evidence, that the forfeiture is excessive. *Alexander II, supra,* 32 F.3d at 1237; *Shelly's Riverside Hts., supra,* 851 F.Supp. at 637; *6380 Little Canyon Rd., supra.*

■ Here, the trial court held a full hearing on the forfeiture issue. The question at the hearing was whether appellant demonstrated that the *in personam* forfeiture of his motorcycle was excessive. In the trial court, Judge Hogan applied the proper analysis and held that the forfeiture was not excessive in this case. After applying the cases we have examined, we cannot conclude that this is one of those rare situations where the forfeiture is so grossly disproportionate to the offense as to constitute an excessive fine. Appellant was convicted of his fourth DUI in five years. Though the offense is only a misdemeanor, it is no longer a "petty offense" because the defendant may be sentenced to a period of up to one year in jail. R.C. 4511.99(A)(4)(a). Fortunately, appellant caused no harm in the present case. However, the potential for harm was great. Appellant could have caused a serious accident resulting in great property damage, severe bodily injury or even death.

Appellant argues that the maximum fine is only $10,000 and therefore the forfeiture exceeds the fine by at least $13,000. We note, however, that appellant was not assessed a "fine" at all, except to the extent that the forfeiture is a fine for purposes of constitutional analysis. *Hill, supra,* 70 Ohio St.3d at 33, 635 N.E.2d at 1255. In doing the excessive-fines analysis, courts have compared the amount of the forfeiture to the maximum fine applicable to the offense of which the defendant was convicted, with mixed results. See *Shelly's Riverside Hts., supra,* 851 F.Supp. at 638; *11869 Westshore Dr., supra,* 848 F.Supp. at 111; *United States ex rel. Smith v. Gilbert Realty Co.* (E.D.Mich.1993), 840 F.Supp. 71, 74. Nevertheless, the fine is only one factor to consider. In this case, considering the other factors weighing in favor of forfeiture, we cannot conclude that the forfeiture is so much greater than the maximum fine that it is excessive. Compare *id.* at 74 (forfeiture excessive when maximum fine is $1,630 and forfeited property totalled $290,000).

Further, while it is not the sole test to be applied, the instrumentality factor cannot be ignored. Without the motorcycle, the offense would not have been committed. Therefore, the vehicle was a substantial and meaningful instrumentality in the commission of the offense.

Considering all the facts and circumstances, we cannot say that the punishment is more criminal than the crime. The trial court's decision that the forfeiture was not an excessive fine is supported by the evidence. Therefore, we hold that the trial court did not err in ordering the forfeiture of appellant's vehicle, and his sole assignment of error is overruled.

The judgment of the trial court is affirmed.

*Judgment affirmed.*

DOAN, P.J., and HILDEBRANDT, J., concur.