OPINION
Appellant, State of Ohio, is appealing the judgment of the Montgomery County Common Pleas Court overruling its objections and adopting the decision of the magistrate, who denied its petition for forfeiture as being an excessive fine.
In October 1997, Appellee, Linda Anderson-Melton, owned a 1997 Chevrolet Silverado Pick-up Truck with no outstanding liens. Mr. Ronald Collier agreed to take the vehicle so that Ms. Anderson-Melton could report the vehicle as stolen and collect the insurance. On October 21, 1997, Ms. Anderson-Melton informed the Trotwood police and, shortly thereafter, the Allstate Insurance Company that her vehicle had been stolen. As a result of these activities, Ms. Anderson-Melton was arrested, prosecuted and, on July 17, 1998, pled guilty to six (6) felonies including insurance fraud. On September 4, 1998, Ms. Anderson-Melton was sentenced to nearly three years in prison and a suspended fine of $7500.
While the criminal charges were proceeding against Ms. Anderson-Melton, the Appellant, State of Ohio (hereinafter "State"), filed a forfeiture petition for her Silverado truck on January 15, 1998. Initially, the hearing on the petition was scheduled for October 1, 1998, but was continued on several occasions. Subsequently, on March 29, 1999, the magistrate issued an order setting a deadline of May 7, 1999 to submit stipulations of fact and briefs. The magistrate dismissed without prejudice the forfeiture petition on July 8, 1999 for failure to meet the above mentioned deadline. On July 16, 1999, the State filed the same forfeiture petition again. Then, the State dismissed this action without prejudice pending Ms. Anderson-Melton's appeal of her criminal sentence, and on September 17, 1999, the magistrate granted a motion to reinstate filed by the State. Finally, a hearing was held on January 27, 2000 and a stipulation of fact was filed on January 31, 2000.
On February 28, 2000, the magistrate ruled that Ms. Anderson-Melton's truck should not be forfeited as the forfeiture would be an excessive fine in violation of the Ohio Constitution. The State filed objections to the magistrate's decision with the trial court and Ms. Anderson-Melton filed a motion to dismiss the forfeiture action as a violation of the double jeopardy clause of the U.S. Constitution. On May 26, 2000, the trial court overruled the objections and adopted the magistrate's decision, denying the motion to dismiss as moot. The State now appeals the trial court's decision.
The State raises one assignment of error:
 THE TRIAL COURT ERRED IN FINDING THAT A FORFEITURE OF A VEHICLE WORTH IN EXCESS OF $10,000.00 CONSTITUTED AN EXCESSIVE FINE UNDER THE OHIO CONSTITUTION.
The State argues that the trial court committed an abuse of discretion in applying the proportionality test to the facts of this case and finding that the forfeiture of the vehicle would be an excessive fine. We disagree.
Forfeiture of contraband property "constitutes a separate criminal penalty in addition to the penalty the defendant faces for conviction of the underlying felony." State v. Casalicchio (1991), 58 Ohio St.3d 178, syllabus. A trial court has broad discretion in imposing a sentence and such discretion will not be upset on appeal without an abuse of discretion by the trial court. Toledo v. Reasonover (1965),5 Ohio St.2d 22, 34 O.O.2d 13; Columbus v. Jones (1987), 39 Ohio App.3d 87;State v. Patterson (1996), 110 Ohio App.3d 264, appeal not allowed (1996), 76 Ohio St.3d 1493. In order for a trial court to have abused its discretion, the court must demonstrate an unreasonable, arbitrary, or unconscionable attitude. State v. Adams (1980), 62 Ohio St.2d 151, 16 O.O.3d 169.
Considered onerous, forfeitures are not favored in the law or in equity. State v. Baumholtz (1990), 50 Ohio St.3d 198. TheEighth Amendment of the U.S. Constitution prohibits forfeitures which are grossly disproportionate to the offense committed. State v. Hill (1994),70 Ohio St.3d 25. Thus, the trial court before granting an order of forfeiture must determine whether the forfeiture is an excessive fine which is prohibited by Section 9, Article 1 of the Ohio Constitution and the Eighth Amendment of the U.S. Constitution. Id. However, Ohio courts have ordered forfeitures in cases in which the value of the property is disproportionate to the maximum fines imposed, finding the fine was not excessive. State v. Ziepfel (1995), 107 Ohio App.3d 646; State v.Scheibelhoffer (June 30, 1999), Lake App. No. 98-L-039, unreported; In reReal Property Improvements Commonly Known as 41925 TR 1029,Blissfield, Ohio (April 30, 1996), Coshocton App. No. 95 CA 23, unreported, appeal dismissed (1996), 77 Ohio St.3d 1444.
To determine whether a forfeiture of property is appropriate, the Court of Appeals for the Ninth District has set forth a proportionality test, which the parties agree is the appropriate standard, with the following primary factors: (1) the harshness of the forfeiture in relation to the crime, (2) the relationship between the property and the offense, (3) the role and degree of culpability of the owner including whether the owner was directly involved in the illegal use of the property and the harm caused by the illegal activity, (4) the fair market value of the property, (5) the intangible subjective value of the property and (6) the hardship to the defendant. State v. Harold (1996), 109 Ohio App.3d 87. Other factors to consider are: (1) the circumstances of the individual case, (2) the harm caused or potentially caused, (3) whether the property was closely related to the crime, and (4) other relevant factors.Ziepfel, supra.
In the instant case, both the magistrate and the trial court considered the above described factors of the proportionality test in determining the fine was excessive. In establishing the fair market value of the property, the magistrate found that the Silverado truck which the State seeks to have forfeited was purchased in 1997 for $24,000 and approximated its current worth as in excess of $10,000. Further, the specific circumstances of this case revealed that Ms. Anderson-Melton is indigent and that the trial court, which could have imposed a fine of $20,000, had suspended her fines imposed as part of her sentence for that reason.
In addition, the trial court had before it the evidence of the underlying crime of insurance fraud. Specifically, the lower court considered the fact that Ms. Anderson-Melton's plan failed prior to her receipt of the insurance profits from her false claim. In evaluating the harm from the illegal activity, the lower court recognized no physical harm was threatened or inflicted on another individual nor were any weapons or dangerous instruments used. Also, the lower court acknowledged the lack of drugs involved in the underlying felony. Further, the magistrate and trial court found that even though the vehicle was used in the underlying felony, the previously imposed sentence was sufficient deterrence to prevent future criminal activity. Thus, the magistrate and trial court used the appropriate test, considered the evidence, and found that the forfeiture of Ms. Anderson-Melton's vehicle would be an excessive fine. Nothing in the record demonstrates an attitude on the part of the trial court that was unreasonable, arbitrary, or unconscionable. Thus, there is no abuse of discretion by the trial court and the State's assignment of error is overruled.
 _________________________ FREDERICK N. YOUNG, J.,
BROGAN, J. and WOLFF, J., concur.