ACCELERATED JOURNAL ENTRY AND OPINION
This case came to be heard upon the accelerated calendar pursuant to App.R. 11.1 and Loc.R. 11.1, the record from the Cuyahoga County Court of Common Pleas and the briefs and arguments of counsel. The municipal court ordered the forfeiture of defendant Beverly Berlin's vehicle after finding her guilty of driving while intoxicated her third offense in six years. Berlin's sole complaint is that she did not receive sufficient written notice of the forfeiture.
If an offender had been convicted of a third drunk driving offense in six years, the court shall order forfeiture of the vehicle used during the commission of the offense. See R.C. 4511.99(A)(3)(b). Berlin argues that the language of R.C. 4503.234 which states that the police must give the vehicle owner written notice of the possibility of forfeiture conflicts with the mandatory forfeiture language of R.C. 4511.99(A)(3)(b): that the court shall order the criminal forfeiture for a third offense within six years. She maintains that the mandatory language must control over the more permissive language relating to the possibility of forfeiture.
We find no conflict between the statutes because the use of the word shall in R.C. 4511.99(A)(3)(b) does not retain its usual mandatory meaning in light of the due process rights afforded to owners of property subject to forfeiture. See State v. Ziepfel (1995), 107 Ohio App.3d 646,653. There is no question that the courts must comply with constitutional rights to notice even if a statute were to make forfeiture mandatory. Assuming that those rights to notice were violated, forfeiture could not be ordered; therefore it would not be mandatory in the sense argued by Berlin. Consequently, the R.C. 4503.234(B) language requiring the police to give the vehicle owner written notice of the possibility of forfeiture is consistent with the realities of forfeiture proceedings. That section does not conflict in any way with R.C. 4511.99(A)(b)(3).
Berlin received written notice of the possibility of forfeiture by virtue of Bureau of Motor Vehicles Form 2255, which she received at the time of her arrest. Form 2255 contains a section entitled IMMOBILIZATION OR FORFEITURE UPON OMVI ARREST. 4511.195. (Emphasis sic.). That section informed Berlin that [i]f you are convicted of or plead guilty to OMVI, the court may issue an order of mobilization of the vehicle and the impoundment of its license plates, or an order for the criminal forfeiture of the vehicle. Although Berlin argues that the use of the word may does not convey the mandatory nature of the forfeiture, we note that forfeiture is mandatory only in the sense that the court must consider forfeiture there are possible circumstances where forfeiture would not be ordered.
In any event, the record shows that Berlin received actual notice of forfeiture at her plea hearing. The court informed Berlin that it would set the matter of forfeiture for a special hearing. At no time did Berlin ask the court to continue the matter, nor did she make any attempt to withdraw her no contest plea once she became aware of the possibility of forfeiture. This acts as a waiver of her right to complain about the forfeiture hearing. Hence, even if there was non-compliance with R.C.4503.234, Berlin points to no prejudice flowing from the non-compliance. See Xenia v. Mellotte, Greene App. No. 2001 CA 90, 2002-Ohio-2700, at ¶ 12. The assigned error is overruled. Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal. It is ordered that a special mandate issue out of this court directing the Lyndhurst Municipal Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
MICHAEL J. CORRIGAN JUDGE KENNETH A. ROCCO, P.J., and JAMES D. SWEENEY, J., CONCUR.