OPINION *Page 2 
{¶ 1} Appellant, Dell Quick, appeals the trial court's decision to grant the forfeiture of his motor vehicle pursuant to Ohio Revised Code Sections 2929.14(D) and 2941.141. A timely Notice of Appeal was filed on November 16, 2007. On January 17, 2007, counsel for appellant filed a brief pursuant to Anders v. California (1967), 386 U.S. 738,rehearing den. (1967), 388 U.S. 924, indicating that the within appeal was wholly frivolous. In said brief, counsel for appellant set forth the following proposed Assignment of Error:
 {¶ 2} "THE TRIAL COURT IMPROPERLY FORFEITED QUICK'S PICKUP TRUCK, AS THE VALUE THEREOF WAS GREATLY IN EXCESS OF THE MAXIMUM FINE FOR THE OFFENSE OF CONVICTION THAT HAD A FORFEITURE SPECIFICATION ATTACHED."
 {¶ 3} On or about February 21, 2007, appellant's counsel informed this Court that on or about January 16, 2007, appellant was served with a copy of the Ander's brief and was notified of the right to file a pro se merit brief. No pro se merit brief has been filed by appellant.
 STATEMENT OF THE FACTS AND CASE {¶ 4} On February 25, 2006, appellant was indicted by the Licking County Grand Jury for the following offenses: Aggravated Possession of Drugs (Methamphetamine) in violation of R.C. 2925.11(A)(C)(1)(a), a fifth degree felony with a firearm specification pursuant to R.C.2929.14(D) and 2941.141, and a *Page 3 
forfeiture specification pursuant to R.C.2925.42(A)(1)(a) and/or (b) for a "maroon 1997 Ford F150 Pick Up Truck", and one count of Carrying a Concealed Weapon in violation of R.C. 2923.12(A)(2), a fourth degree felony.
 {¶ 5} On April 20, 2006, appellant filed a memorandum contra the forfeiture specification and motion for the return of the motor vehicle. In support, appellant argued that the forfeiture constituted an excessive fine in violation of Article I, Section 9 of the Ohio Constitution and the 8th Amendment of the United States Constitution.
 {¶ 6} On April 20, 2006, appellee filed a motion to dismiss the firearm specification from the indictment. Appellee's dismissal was conditioned on the agreement appellant would enter guilty pleas to the remaining charges, including the forfeiture specification. The parties further agreed appellant could continue to be heard on the motion for return of property regarding the constitutionality of the forfeiture specification, but a plea would be determinative on the issue the motor vehicle had been used in the commission of a felony drug offense.
 {¶ 7} Thereafter, on April 20, 2006, appellant pled guilty as charged to Aggravated Possession of Drugs (Methamphetamine) with a forfeiture specification, and one count of Carrying a Concealed Weapon. As agreed, the trial court dismissed the firearm specification and an oral hearing on the constitutionality of the forfeiture specification and motion for return of property was scheduled for October 10, 2006. Appellant was then sentenced to serve a twelve-month term of incarceration for the aggravated possession charge and a six-month sentence for the concealed weapon charge. The trial court further *Page 4 
ordered the sentences to be served consecutively and ordered three years of post-release control. No fines were imposed. Thereafter, on July 12, 2006, appellant was granted judicial release pursuant to R.C.2929.20.
 {¶ 8} On October 10, 2006, the trial court conducted an evidentiary hearing on the motion for return of property and the constitutionality of the forfeiture specification. At the hearing, appellant testified the Ford F-150 truck had been purchased in 1998 for $ 24,000.00. Appellant also testified the balance of the loan for the vehicle was paid in 2002. Appellant further stated drug proceeds had not been used to purchase the truck, and he had been in the truck and in possession of methamphetamines at the time of the drug-related offense. On cross-examination, appellant admitted to also being in possession of a firearm and stated he was unaware of the market value of the truck at the time of the charged offense. Appellee admitted further evidence other property which was indicative of drug trafficking was seized from the vehicle, including firearms and ammunition, plastic baggies for packaging, razor blades and USX-500 digital scales.
 {¶ 9} On October 18, 2006, by Judgment Entry, the trial court granted appellee's request for forfeiture and held appellant had failed to establish the forfeiture constituted an excessive fine. Specifically, the trial court stated appellant had failed to present any evidence of the vehicle's market value at the time of the offense. Furthermore, the trial court found appellant's affidavit of indigency executed on February 25, 2005, and filed with the trial court, stated the *Page 5 
value of the vehicle was $ 4,000.00, far less than the possible $ 7,500.00 fine for the offenses. It is from this decision granting forfeiture appellant now appeals.
 {¶ 10} Appellant proposes in the Anders' brief the trial court abused its discretion by determining forfeiture of appellant's motor vehicle did not constitute an excessive fine. We disagree.
 {¶ 11} Pursuant to R.C. 2925.42(A)(1)(a) and 2925.42(A)(1)(b), a person who is convicted of or pleads guilty to a felony drug abuse offense loses any right to possession of the property, and forfeits to the State any right, title and interest the person may have in the property if one of the following applies: (a) "The property constitutes, or is derived directly or indirectly from any proceeds that the person obtained directly or indirectly from the commission of the felony drug abuse offense or act, or: (b) "The property was used, or intended to be used in any manner to commit, or to facilitate the commission of, the felony drug abuse offense or act". R.C. 2925.42(1)(a) and (b).
 {¶ 12} The forfeiture of property, pursuant to R.C. 2925.42, is a form of criminal penalty and is, therefore, considered a fine for purposes of Section 9, Article I of the Ohio Constitution and the Eighth Amendment of the United State's Constitution. State v. Hill, 70 Ohio St.3d 25, 34,1994-Ohio-12, 635 N.E.2d 1248. The defendant bears the burden to request a hearing and to prove by a preponderance of the evidence the forfeiture is excessive. State v. Ziepfel (1995), 107 Ohio App.3d 646,669 N.E.2d 299. See also, United States v. Alexander (C.A.8, 1994), 32 F.3d 1231. *Page 6 
 {¶ 13} Forfeitures are not favored in law or equity. State v.Baumholtz (1990), 50 Ohio St.3d 198, 553 N.E. 2d 635. The proportionality of a forfeiture must be assessed on a case-by-case basis. State v. Hill, supra. Therefore, prior to entering an order of forfeiture, the trial court must make an independent determination whether forfeiture of the property is an excessive fine prohibited by the excessive fine clauses of the Ohio and United State's Constitutions.State v. Hill, 70 Ohio St.3d at 34. Forfeiture will only be considered an excessive fine when in light of all the relevant circumstances, the forfeiture is grossly disproportionate to the offense committed.Id.
 {¶ 14} Neither the United States Supreme Court nor the Ohio Supreme Court have offered any guidance as to the exact dollar figure which causes a forfeiture to become so grossly disproportionate to the crime charged that it becomes excessive. State v. Scheibelhoffer, Lake App. No. 8-L-039, (June 30, 1999), unreported. However, case law has established the following factors to be considered in determining the constitutionality of the forfeiture: (1) the value of the vehicle; (2) the circumstances of the individual case; (3) the harm caused or the potential harm caused; (4) whether the property sought to be forfeited was closely related to the crime; and, (5) any other factors relevant to the issue. State v. Ziepfel, supra. In United States v. Sarbello (C.A.3, 1993), 985 F.2d 716, the court emphasized in order to be an "excessive fine", the "constitutionally cognizable disproportionality must reach such a level of excessiveness that in justice the punishment is more that the crime". Id at 724. *Page 7 
 {¶ 15} In this case, there appears to be a significant relationship between not only drug possession charges, but drug sales, and appellant's motor vehicle. Furthermore, appellant's sworn affidavit states the value of the vehicle on February 25, 2005 was approximately $ 4,000.00, far less than the possible fine for the offenses. Furthermore, appellant failed to provide the trial court with a valuation of the vehicle at the time of the offense and the trial court did not impose the possible $ 7,500.00 fine. Finally, the appellant did not show his livelihood was significantly affected by the forfeiture of the motor vehicle. Therefore, the forfeiture of appellant's motor vehicle was not grossly disproportionate to the offense charged and does not violate the excessive clause of the Eighth Amendment.
 {¶ 16} For these reasons, after independently reviewing the record, we agree with counsel's conclusion no arguably meritorious claims exist upon which to base an appeal. Hence, we find the appeal to be wholly frivolous under Anders, grant counsel's request to withdraw, and affirm the judgment of the trial court.
 {¶ 17} The judgment of the Licking County Court of Common Pleas, General Division, is affirmed.
 Hoffman, P.J. Farmer, J. and Delaney, J. concur. *Page 8 
 JUDGMENT ENTRY
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Licking County Court of Common Pleas, General Division, is affirmed.
Attorney Diane M. Menashe's motion to withdraw as counsel for appellant Dell Quick is hereby granted. Costs taxed to appellant.
 IT IS SO ORDERED. *Page 1