[Cite as *State v. Friend*, 2019-Ohio-343.]

COURT OF APPEALS
LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. W. Scott Gwin, P.J |
| Plaintiff – Appellee | Hon. William B. Hoffman, J.<br>Hon. John W. Wise, J. |
| -vs- | |
| | Case No. 18-CA-41 |
| KIMBERLY FRIEND | |
| Defendant – Appellant | O P I N IO N |


| | |
|---|---|
| CHARACTER OF PROCEEDINGS: | Appeal from the Licking County Court of Common Pleas, Case No. 2017-CR-00881 |
| JUDGMENT: | Affirmed |
| DATE OF JUDGMENT ENTRY: | February 1, 2019 |


APPEARANCES:


| For Plaintiff-Appellee | For Defendant-Appellant |
|---|---|
| WILLIAM C. HAYES<br>LICKING COUNTY PROSECUTOR | JAMES A. ANZELMO<br>446 Howland Drive<br>Gahanna, Ohio  43230 |
| BY: DANIEL J. BENOIT<br>Assistant Prosecuting Attorney<br>20 S. Second Street, Fourth Floor<br>Newark, Ohio  43055 | |

*Hoffman, J.*

**{¶1}** Appellant Kimberly Friend appeals the judgment entered by the Licking County Common Pleas Court convicting her of possession of drugs (R.C. 2925.11(A)(C)(6)(e)), trafficking in drugs (R.C. 2925.03(A)(2)(C)(6)(f)), three counts of aggravated possession of drugs (R.C. 2925.11(A)(C)(1)(c)),two counts of having weapons under disability (R.C. 2923.13(A)(3)), and aggravated possession of drugs (R.C. 2925.11(A)(C)(1)(a)), with two forfeiture specifications of U.S. currency (R.C. 2941.1417(A), R.C. 2981.02(A)(2)), and two forfeiture specifications of firearms (R.C. 2941.1417(A), R.C. 2981.02(A)(3)), and sentencing her to an aggregate term of incarceration of seventeen years.  Appellee is the state of Ohio.

## STATEMENT OF THE FACTS AND CASE

**{¶2}** On January 12, 2017, police executed a search warrant at Appellant's residence on West Church Street in Newark, Ohio.  During the search police found 39.36 grams of an off-white, crystalline substance later determined to be methamphetamine, .37 grams of a clear peach liquid found to contain methamphetamine, and a loaded handgun.  Appellant told police the methamphetamine was "junk dope" she got from her drug dealers.  Tr. 13.

**{¶3}** Police returned to the residence to execute a search warrant on October 5, 2017.  Appellant admitted she had speed, heroin and weed in her purse, but stated, "I haven't really been dealing, really."  Tr. 14.  When reminded by police she did not use heroin, she admitted she was selling heroin, but claimed she had just started.  She admitted she had a big bag of heroin, but did not think it was any good because "Money," her dealer, told her to mix it with something stronger.  Police found baggies containing 64.16 grams of heroin and 22.78 grams of methamphetamine in the bedroom, as well as

1.96 grams of powder found to contain heroin and carfentanil.    Police also found a tablet determined to be .46 grams of hydrocodone.

{¶4}    Police found a large stack of cash and notebooks used for keeping track of drug sales.  Appellant admitted the cash was money she owed her drug dealer.  She told police she got 40-60 grams of heroin from Money, and owed him $80.00 a gram.

{¶5}    As police were leaving the residence they were notified a female came to the area to check on Appellant.  Police left, and a short time later a woman was observed walking to Appellant's home carrying a black and white bag.

{¶6}    Police returned to Appellant's home and she allowed them to look around. In the bedroom they found another stack of cash.  She told them it was hidden in her bed sheets during the first search.  She eventually gave officers the black and white bag, stating, "There's speed in it."  Tr. 17.  Police found 67.47 grams of methamphetamine and a gun inside.

{¶7}    On October 26, 2017, Appellant was indicted by the Licking County Grand Jury with one count of aggravated possession of drugs and one count of having a weapon under disability, with an attached forfeiture specification of the firearm, based on the January 12, 2017 search.  A superseding indictment was filed on February 15, 2018, charging appellant with possession of drugs (heroin, count one), trafficking in drugs (heroin, count two), three counts aggravated possession of drugs (methamphetamine, counts three through five), two counts having weapons while under disability (counts six and seven), and aggravated possession of drugs (hydrocodone, count eight).  The indictment included two forfeiture specifications for the firearms and two forfeiture specifications for the currency found during the search.

**{¶8}**    Appellant entered pleas of guilty to all counts and was convicted pursuant to her pleas.    Appellant argued to the court she was indigent and forfeiture should not apply to the currency.    Appellant expressed remorse to the court, and stated she was chronically ill with a heart condition and sold drugs to pay for her funeral.

**{¶9}**    The court found counts one and two, possession of heroin and trafficking in heroin, merged, and the State elected to have Appellant sentenced for trafficking.    The court sentenced Appellant to six years incarceration on count two, four years incarceration on count three, two years incarceration on count four, five years incarceration on count five, one year incarceration on count six, one year incarceration on count seven, and six months incarceration on count eight.    The court ordered counts two, three, five, six and seven to run consecutively with each other and concurrently with counts four and eight, for an aggregate sentence of seventeen years.    The court found pursuant to R.C. 2929.14(C)(4) consecutive sentences are necessary to protect the public from future crime or to punish Appellant, and found consecutive sentences are not disproportionate to the seriousness of her conduct or the danger she poses to the public. The court further found her history of criminal conduct, including prior drug convictions, demonstrates consecutive sentences are necessary to protect the public from future crime by Appellant, and the sentence is not disproportionate given her behavior or the sentences imposed on others for similar conduct.    Based on her indigent status the court did not impose a fine, but did impose the forfeiture specifications and ordered Appellant to pay court costs.

**{¶10}** It is from the April 25, 2018 judgment of conviction and sentence Appellant prosecutes her appeal, assigning as error:

I.   THE TRIAL COURT UNLAWFULLY ORDERED FRIEND TO SERVE CONSECUTIVE SENTENCES, IN VIOLATION OF HER RIGHTS TO DUE PROCESS, GUARANTEED BY SECTION 10, ARTICLE I OF THE OHIO CONSTITUTION AND THE FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION.

II.   THE TRIAL COURT ERRED BY ORDERING FRIEND TO FORFEIT MONEY THAT LAW ENFORCEMENT SEIZED FROM HER, IN VIOLATION OF HER RIGHTS AGAINST EXCESSIVE FINES, IN VIOLATION OF ARTICLE I, SECTION 9 OF THE OHIO CONSTITUTION AND THE EIGHTH AMENDMENT OF THE UNITED STATES CONSTITUTION.

III.   THE TRIAL COURT ERRED BY ORDERING FRIEND TO PAY COURT COSTS, IN VIOLATION OF HER DUE PROCESS RIGHTS UNDER THE FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND SECTION SIXTEEN, ARTICLE ONE OF THE OHIO CONSTITUTION.

I.

{¶11}  In her first assignment of error, Appellant argues the court erred in imposing consecutive sentences.  Appellant concedes the court made the findings required to impose consecutive sentences under R.C. 2929.14(C)(4), but argues the record does not support these findings.

**{¶12}** We review felony sentences using the standard of review set forth in R.C. 2953.08. *State v. Marcum,* 146 Ohio St.3d 516, 2016–Ohio–1002, 59 N.E.3d 1231, ¶ 22; *State v. Howell*, 5th Dist. Stark No. 2015CA00004, 2015–Ohio–4049, 2015 WL 5722820, ¶ 31. R.C. 2953.08(G)(2) provides we may either increase, reduce, modify, or vacate a sentence and remand for resentencing where we clearly and convincingly find either the record does not support the sentencing court's findings under R.C. 2929.13(B) or (D), 2929.14(B)(2)(e) or (C)(4), or 2929.20(I), or the sentence is otherwise contrary to law. An appellate court may vacate or modify any sentence that is not clearly and convincingly contrary to law only if the appellate court finds by clear and convincing evidence the record does not support the sentence. *Marcum, supra*, at ¶ 23.

**{¶13}** Clear and convincing evidence is that evidence "which will provide in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." *Cross v. Ledford*, 161 Ohio St. 469, 120 N.E.2d 118 (1954), paragraph three of the syllabus. "Where the degree of proof required to sustain an issue must be clear and convincing, a reviewing court will examine the record to determine whether the trier of facts had sufficient evidence before it to satisfy the requisite degree of proof." *Id*. at 477, 120 N.E.2d 118.

**{¶14}** R.C. 2929.14(C)(4) provides for the imposition of consecutive sentences as follows:

> (4) If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is

necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:

(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

**{¶15}** The trial court found consecutive sentences necessary to protect the public from future crime or to punish Appellant, and found consecutive sentences are not disproportionate to the seriousness of her conduct or the danger she poses to the public. The court further found her history of criminal conduct, including prior drug convictions, demonstrates consecutive sentences are necessary to protect the public from future

crime by Appellant, and the sentence is not disproportionate given her behavior or the sentences imposed on others for similar conduct.

{¶16} Appellant argues she expressed remorse, she caused no harm to people or property, and she acted out of a desire to pay for her own funeral rather than out of malice. However, on three separate searches of her residence, including two on the same day, Appellant was found in possession of large amounts of illegal drugs. She admitted to selling heroin, and to mixing it with something stronger at the urging of her dealer. Appellant had a prior conviction for possession of drugs, and was found with two firearms she could not legally possess. We find the record supports the court's imposition of consecutive sentences.

{¶17} The first assignment of error is overruled.

II.

{¶18} In her second assignment of error, Appellant argues the court erred in ordering forfeiture of $3,051.00 in currency. She argues because she was indigent, the forfeiture constituted an excessive fine, particularly when she was convicted of only one trafficking offense.

{¶19} R.C. 2981.02(A)(2) provides proceeds derived from or acquired through the commission of an offense are subject to forfeiture. The forfeiture of property is a form of criminal penalty and is, therefore, considered a fine for purposes of Section 9, Article I of the Ohio Constitution and the Eighth Amendment of the United States Constitution. *State v. Hill*, 70 Ohio St.3d 25, 34, 1994-Ohio-12, 635 N.E.2d 1248. The defendant bears the burden to request a hearing and to prove by a preponderance of the evidence the forfeiture is excessive. *State v. Quick*, 5th Dist. Licking No. 06-CA-142, 2007-Ohio-2623,

¶¶ 12-14, *citing State v. Ziepfel*, 107 Ohio App.3d 646, 669 N.E.2d 299 (1995). *See also, United States v. Alexander*, 32 F.3d 1231 (C.A.8, 1994).

**{¶20}** Forfeitures are not favored in law or equity. *State v. Baumholtz*, 50 Ohio St.3d 198, 553 N.E.2d 635 (1990). The proportionality of a forfeiture must be assessed on a case-by-case basis. *Hill, supra*. Therefore, prior to entering an order of forfeiture, the trial court must make an independent determination whether forfeiture of the property is an excessive fine prohibited by the excessive fine clauses of the Ohio and United State's Constitutions. *Hill* at 34. Forfeiture will only be considered an excessive fine when in light of all the relevant circumstances, the forfeiture is grossly disproportionate to the offense committed. *Id.*

**{¶21}** Neither the United States Supreme Court nor the Ohio Supreme Court has offered any guidance as to the exact dollar figure which causes a forfeiture to become so grossly disproportionate to the crime charged as to become excessive. *Quick* at ¶14. However, case law has established the following factors to be considered in determining the constitutionality of the forfeiture: (1) the value of the property; (2) the circumstances of the individual case; (3) the harm caused or the potential harm caused; (4) whether the property sought to be forfeited was closely related to the crime; and, (5) any other factors relevant to the issue. *Id., citing Zipefel, supra.* In *United States v. Sarbello*, 985 F.2d 716 (C.A.3, 1993), the court emphasized in order to be an "excessive fine", the "constitutionally cognizable disproportionality must reach such a level of excessiveness that in justice the punishment is more that the crime". *Id.* at 724.

**{¶22}** We note Appellant did not request a hearing on the issue of whether the forfeiture was excessive, but rather raised it during the sentencing hearing.  The trial court

declined to impose fines on Appellant which could have totaled $42,500, based on her indigency. In contrast, the forfeited cash totaled only $3,051. Police found notebooks detailing drug sales with the first stack of cash, and Appellant admitted she owed the money found to her drug dealer for selling heroin. The sale of heroin, particularly the heroin she had mixed with carfentanil to make it stronger, had the potential to cause harm. We find based on the record of the change of plea and sentencing hearing the court did not err in ordering the forfeiture.

**{¶23}** The second assignment of error is overruled.

III.

**{¶24}** In her third assignment of error, the court argues the court erred in ordering her to pay court costs because she is indigent.

**{¶25}** R.C. 2947.23(A)(1)(a) states in pertinent part: "In all criminal cases, including violations of ordinances, the judge or magistrate *shall* include in the sentence the costs of prosecution, including any costs under section 2947.231 of the Revised Code, and render a judgment against the defendant for such costs. * * *." (Emphasis added). Accordingly, even if a defendant is indigent, a sentencing court must include the costs of prosecution in the sentence and render a judgment against the defendant for costs. *State v. Underwood*, 5th Dist. Muskingum No. CT2017-0024, 2018-Ohio-730, ¶ 41; *State v. McHenry,* 5th Dist. Stark No. 2017CA00119, 2017–Ohio–7672, ¶ 12, *citing State v. White*, 103 Ohio St.3d 580, 2004–Ohio–5989, 817 N.E.2d 393, ¶ 8. Further, Appellant did not object to the imposition of court costs, even though the trial court orally stated they were part of the sentence. Tr. 38.

{¶26} We find no error in the imposition of court costs. The third assignment of error is overruled.

{¶27} The judgment of the Licking County Common Pleas Court is affirmed.

By: Hoffman, J.

Gwin, P.J. and

Wise, J. concur