OPINION
{¶ 1} Defendant-appellant, Jason Taylor, appeals from his conviction and sentence in the Madison County Common Pleas Court on two counts of trafficking in crack cocaine, following his guilty plea on those charges.
 {¶ 2} On December 12, 2002, appellant was indicted by the Madison County Grand Jury on five counts of trafficking in crack cocaine. Count I was a fourth-degree felony, Counts II and III were third-degree felonies, and Counts IV and V were second-degree felonies. The charges arose from allegations that appellant operated a drug business out of the Plumwood area of Madison County for approximately 18 months, and sold crack cocaine to an undercover informant on five different occasions.
 {¶ 3} On February 24, 2003, appellant entered guilty pleas to Counts III and IV of the indictment, in exchange for the state's agreeing to dismiss the remaining counts. The trial court accepted appellant's guilty pleas to Counts III and IV, found him guilty of those charges, and ordered a presentence investigation.
 {¶ 4} On May 21, 2003, appellant moved to withdraw his guilty pleas. Appellant's motion stated that he "merely wishes to instill (sic) a `no contest' plea in lieu of his previously entered plea of guilt to preserve certain appellate rights." Appellant offered no other justification for his motion to withdraw his guilty pleas.
 {¶ 5} On June 13, 2003, the trial court overruled appellant's motion to withdraw his guilty pleas, and then sentenced him to a six-year prison term on Count IV, to be served concurrently with a one-year prison term on Count III. In imposing sentence, the trial court found that appellant's conduct was "more serious than that normally constituting the offense," and that appellant committed his offenses "as part of an organized criminal activity." After imposing sentence on appellant, the trial court informed him that he was entitled to file a motion for judicial release in one year.
 {¶ 6} Appellant now appeals from his conviction and sentence, raising the following assignments of error.
 {¶ 7} Assignment of Error No. 1:
 {¶ 8} "Where the trial court makes improper statutory findings upon which it bases a sentence, the result is contra the ohio statutory scheme and the ohio and federal constitution."
 {¶ 9} Appellant argues that the trial court erred in sentencing him to an aggregate six-year prison term because it based its decision on an improper factual finding, to wit: that he committed the offense as part of an "organized criminal activity." He asserts that the trial court could not base its sentencing decision on this finding "especially since it was never part of the indictment." He further asserts that because he has never been to prison, the trial court should have given him only the minimum sentence of two years imprisonment. We disagree with these arguments.
 {¶ 10} Initially, the fact that appellant was never charged in the indictment with committing the offenses to which he pled guilty as part of an organized criminal activity did not prohibit the trial court from considering whether or not he did, in imposing sentence upon him. In fact, the trial court was required to consider this very fact, pursuant to R.C. 2929.12(B).
 {¶ 11} R.C. 2929.11 lists the principles and purposes of felony sentencing, which include protecting the public from future harm by the offender and others, and punishing the offender. R.C. 2929.11(A). R.C.2929.12(A) states that the sentencing court has discretion to determine the most effective method for carrying out the principles and purposes of felony sentencing, and provides that in exercising its discretion, the sentencing court must consider, among other things, the factors relating to the seriousness of the offender's conduct, set forth in R.C. 2929.12(B). R.C. 2929.12(B) lists the factors a sentencing court must consider in determining whether "the offender's conduct is more serious than conduct normally constituting the offense," which include whether "[t]he offender committed the offense for hire or as a part of an organized criminal activity." R.C. 2929.12(B)(7).
 {¶ 12} Here, the trial court had ample evidence before it to support its determination that appellant committed the offenses of which he was found guilty "as part of an organized criminal activity." R.C.2929.12(B)(7). The presentence investigation report on appellant showed that he operated a drug business with a Brian Scaff for approximately 18 months. Appellant and Scaff took orders for drugs from Plumwood residents, traveled to Columbus (presumably, Columbus, Ohio) to procure the drugs (i.e., crack cocaine), and then returned to Plumwood to sell the drugs to their customers there. Neither appellant nor his accomplice made a substantial amount of money from the enterprise, as both of them admitted to "smoking up" their profits. As one court has observed, "drug trafficking by its very nature is part of an organized criminal activity in that the seller must obtain the drugs from a supplier and is only one link in a long chain of illegal activity." State v. Martinez, Wood App. No. WD-01-027, 2002-Ohio-735. See, also, State v. Eckliffe, Lake App. No. 2001-L-104, 2002-Ohio-7135 (defendant's trafficking in cocaine indicated participation in organized criminal activity). Therefore, the trial court did not err in concluding that appellant committed the offenses to which he pled guilty as part of an organized criminal activity.
 {¶ 13} We also conclude that the trial court did not abuse its discretion by sentencing appellant to an aggregate six-year prison term, rather than giving him the minimum two-year sentence.
 {¶ 14} R.C. 2929.14(A)(2) requires a trial court to impose a definite prison term of two, three, four, five, six, seven, or eight years, for a second-degree felony. R.C. 2929.14(B) provides in relevant part that "if the court imposing a sentence upon an offender for a felony elects or is required to impose a prison term on the offender, the court shall impose the shortest prison term authorized for the offense pursuant to division (A) of this section unless one or more of the following applies:
 {¶ 15} "* * *
 {¶ 16} "(2) The court finds on the record that the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime by the offender or others."
 {¶ 17} Here, the trial court found that "[t]he shortest prison term would demean the seriousness of [appellant's] conduct and not adequately protect the public from future crime by the offender or others." The trial court had ample evidence before it to justify these conclusions. For instance, the presentence investigation revealed that appellant has 25 misdemeanor convictions, has not responded well to previously imposed sanctions, and has acknowledged having a lengthy substance abuse history. Furthermore, appellant took no steps to address his substance abuse problem until he was arrested for drug trafficking. In light of the foregoing, the trial court did not abuse its discretion in imposing an aggregate six-year prison sentence on appellant for trafficking in crack cocaine.
 {¶ 18} Appellant's first assignment of error is overruled.
 {¶ 19} Assignment of Error No. 2:
 {¶ 20} "The trial court errs in overruling a motion to withdraw a guilty plea where the record reveals the plea was not voluntary, because of representations regarding judicial release."
 {¶ 21} Appellant argues that the trial court should have allowed him to withdraw his guilty pleas due to the fact that it erroneously informed him at the conclusion of the sentencing hearing that he would be eligible for judicial release in one year, when in fact, under R.C. 2929.20(B)(4), he will not be eligible for five years, since his stated prison term "is more than five years and not more than ten years[.]" Id. While we agree with appellant that the trial court erred by informing him that he was eligible to apply for judicial release in one year, we disagree with appellant's contention that he should have been permitted to withdraw his guilty pleas because of it.
 {¶ 22} First, appellant did not move to withdraw his guilty pleas on the basis of any statement the trial court made to him concerning judicial release; instead, he sought to withdraw his guilty pleas and replace them with no contest pleas, "merely * * * to preserve certain, appellate rights[,]" which he failed to specify.
 {¶ 23} Crim.R. 32.1 provides that "[a] motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea." While a defendant's motion to withdraw a guilty plea made after
sentencing should be granted only to correct a manifest injustice, a motion to withdraw a guilty plea made before sentencing should be freely allowed. See State v. Peterseim (1980), 68 Ohio App.2d 211, 213-214. Nevertheless, appellate review of a trial court's denial of a motion to withdraw a plea is limited to determining whether the trial court's decision constituted an abuse of discretion, regardless of whether the motion was made before or after sentencing. Id. An abuse of discretion implies that the trial court's decision was unreasonable, arbitrary or unconscionable. State v. Longo (1982), 4 Ohio App.3d 136, 141, fn. 14.
 {¶ 24} In this case, the trial court's decision to overrule appellant's motion to withdraw his guilty pleas and replace them with no contest pleas so that he could preserve certain appellate rights cannot be deemed an abuse of discretion, particularly, when appellant never specified what appellate rights he was seeking to preserve. Indeed, appellant has not even attempted to argue otherwise.
 {¶ 25} Instead, appellant raises an argument that he did not raise in the trial court, namely, that the trial court erroneously informed him that he could apply for judicial release in one year. Generally, a party may not raise for the first time on appeal an error that could have been raised in the trial court at a time when the error could have been corrected or avoided altogether. State v. 1981 Dodge Ram Van (1988),36 Ohio St.3d 168, 170. But even if appellant had raised an objection to the trial court's erroneous statement about when he was eligible to apply for judicial release, it still would not have obligated the trial court, under the facts of this case, to allow him to withdraw his guilty pleas for that reason.
 {¶ 26} Appellant cites States v. Horch (Sept. 29, 2003), Union App. No. 14-03-15, in support of his argument. In that case, the defendant signed a guilty plea form that contained inaccurate information regarding when he would be eligible to apply for judicial release. Moreover, the prosecutor, defense counsel and the trial court misinformed defendant about when he would be eligible to apply for judicial release. In this case, by contrast, appellant's guilty pleas were not influenced by any statement that the trial court made to him regarding when he would be eligible to apply for judicial release. When appellant entered his guilty pleas, there was no mention by the trial court or counsel of when he would become eligible for judicial release. And no mention was made of this issue in the waiver form he signed when he entered his plea. Indeed, it would have been speculative for the trial court even to discuss a timetable for appellant's judicial release prior to the time it actually imposed sentence on him, due to the wide range of sentences it could have imposed on him for the second and third-degree felonies to which he pled guilty. See R.C. 2929.14(A)(2) and (3), and R.C. 2929.20(B). Thus, unlike the defendant in Horch, appellant did not rely on any representations made to him regarding judicial release in entering his guilty pleas. And, therefore, he could not use the trial court's misstatement about when he would be eligible to apply for judicial release, which was made at the very end of his sentencing hearing, as a basis for withdrawing his guilty pleas.
 {¶ 27} Appellant's second assignment of error is overruled.
{¶ 28} Assignment of Error No. 3:
 {¶ 29} "Ineffective assistance of counsel occurs where the record reveals counsel failed to object at the sentence hearing, resulting in prejudice to appellant."
 {¶ 30} Appellant argues that his defense counsel provided him with constitutionally ineffective assistance of counsel by failing to object to the findings the trial court made relative to his sentencing, which he alleges are inconsistent with Ohio law, and by failing to object to the trial court's erroneous statement about when he would become eligible to apply for judicial release. We disagree with these arguments.
 {¶ 31} To prevail on an ineffective assistance of counsel claim, a criminal defendant must first show that his trial counsel's performance was deficient. Strickland v. Washington (1984), 466 U.S. 668, 687,104 S.Ct. 2052. This requires him to show that his "counsel's representation fell below an objective standard of reasonableness." Id. at 688. Second, the defendant must show that he was prejudiced by this deficient performance. Id. at 687. This requires him to show there is a reasonable probability that but for his counsel's unprofessional errors, the outcome of the proceeding would have been different. Id. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. A failure to make either showing will doom the defendant's ineffective assistance claim. Id. at 687, 697.
 {¶ 32} Here, defense counsel's failure to object to the trial court's findings relative to the sentence it imposed on appellant cannot be considered objectively unreasonable. As we have indicated in our response to appellant's first assignment of error, the trial court had ample justification for finding that appellant's offenses were part of an organized criminal activity, and for using that finding in giving him an aggregate prison sentence of six years. Furthermore, while the trial court incorrectly stated that appellant would be eligible for judicial release in one year, defense counsel's failure to object to the trial court's statement did not affect the outcome of the proceedings. As we have stated in our response to appellant's second assignment of error, appellant's decision to plead guilty to Counts III and IV was not predicated on when he would become eligible for judicial release. In light of the foregoing, appellant cannot prevail on his ineffective assistance of counsel claim.
 {¶ 33} Appellant's third assignment of error is overruled.
 {¶ 34} Assignment of Error No. 4:
 {¶ 35} "Where the record reveals that cooperation with law enforcement officials occurred, but was not made part of the underlying agreement pursuant to Crim.r. 11(f), the result is error both at the plea and sentencing proceedings."
 {¶ 36} Appellant argues that the underlying agreement on which his plea was based was not fully stated on the record in open court, as required under Crim.R. 11(F). In furtherance of this contention, he cites his girlfriend's affidavit, which was filed in this case, in which she stated that she agreed to cooperate with law enforcement officials in identifying other persons who were involved in drug activity "under the conditions of anonymity, and also under the conditions that any benefit resulting from the investigation would go for consideration for [appellant's] case." Appellant argues that because there was no indication of this agreement at the plea acceptance hearing, and only brief reference to it at the sentencing hearing, it cannot be determined whether it played an "integral part" in his plea agreement with the state, or whether he received any benefit from his girlfriend's agreement with law enforcement. He therefore requests that we vacate his sentence and remand the case for further proceedings. We decline to do so.
 {¶ 37} Crim.R. 11(F) states: "When in felony cases, a negotiated plea of guilty or no contest to one or more offenses charged or to one or more other or lesser offenses is offered, the underlying agreement upon which the plea is based shall be stated on the record in open court."
 {¶ 38} At appellant's plea acceptance hearing held on February 24, 2003, the trial court noted on the record that the state agreed to dismiss Counts I, II and V of the indictment, in exchange for appellant's agreeing to plead guilty to Counts III and IV. When the trial court asked appellant if "any other promises, threats or representations of any kind" had been made to him to get him to enter his guilty pleas, appellant answered, "No."
 {¶ 39} After appellant's plea hearing but before his sentencing, two affidavits were filed in this case: one was from appellant's father, and the second was the aforementioned one from appellant's girlfriend. Appellant's father and his girlfriend both averred that they had agreed to give information to law enforcement about persons involved in drug activity, in exchange for having that cooperation considered for mitigation purposes in appellant's case. At appellant's sentencing hearing, defense counsel urged the trial court "to bear in mind that [appellant] has cooperated with law enforcement authorities above, beyond [sic] what was required or expected of him. He has made his family available to law enforcement to facilitate where he could not[.]" Thus, this information was brought to the trial court's attention, and we presume that the trial court took it into account in sentencing appellant.
 {¶ 40} There was no requirement that "the agreement" between appellant's girlfriend and law enforcement "be stated on the record in open court[,]" pursuant to Crim.R. 11(F), since it is clear from the record of the plea hearing that this was not part of appellant's plea agreement with the state in this case. Crim.R. 11(F) does not provide for negotiation with respect to the punishment to be imposed; instead, it refers only to negotiated pleas of guilty or no contest. State v.Mathews (1982), 8 Ohio App.3d 145, 146. The rule does not contemplate that an offender's punishment will be a subject of plea bargaining, as that matter is determined either by statute or by exercise of the sentencing court's discretion. Id.
 {¶ 41} Appellant's fourth assignment of error is overruled.
 {¶ 42} The trial court's judgment is affirmed.
Young, P.J., and Powell, J., concur.