OPINION
{¶ 1} Appellant Jerome T. Brooks raises issues relating to State v.Foster, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470, as part of his postconviction relief filing. Foster held that certain aspects of Ohio's felony sentencing scheme were unconstitutional because they deprived criminal defendants of their Sixth Amendment right to have a jury, rather than the trial judge, decide all facts essential to the crimes forming the basis of the conviction. The felony sentencing issues that were resolved in Foster do not apply to postconviction relief proceedings, and Appellee is correct that this appeal has no merit. The judgment of the Mahoning County Court of Common Pleas that dismissed Appellant's motion to vacate or set aside his sentence is hereby affirmed.
 FACTS AND PROCEDURAL INFORMATION {¶ 2} On December 5, 2002, Appellant was sentenced to eight years in prison on a felonious assault conviction, with an additional three-year prison term added on a firearm specification. Appellant filed an appeal of his conviction and sentence, and the judgment was affirmed by this Court on June 15, 2004. State v. Brooks, 7th Dist. No. 02-CA-251,2004-Ohio-3216, appeal not accepted for review 10/27/2004 CaseAnnouncements, 2004-Ohio-5605. Although Appellant did raise sentencing errors in his direct appeal, his argument on appeal was that the trial court did not properly follow the sentencing statutes, and not that his sentence was unconstitutional.
 {¶ 3} On February 2, 2005, Appellant filed a pro se "Petition to Vacate or Set Aside Sentence" with the trial court. The trial court appointed counsel for Appellant. *Page 2 
A status hearing was held on April 13, 2005. On April 15, 2005, the trial court ordered both parties to submit briefs within two weeks. On April 28, 2005, the state filed a response. On May 13, 2005, the trial court granted Appellant until May 27, 2005, to file a brief. The court did not receive anything from Appellant, and on May 31, 2005, Appellant's motion to vacate was overruled.
 {¶ 4} On June 22, 2005, Appellant filed a "Request for extension of time" with the trial court. Appellant filed a notice of appeal on August 5, 2005. On July 22, 2005, this Court construed Appellant's June 22, 2005, motion as the timely filing of a direct appeal of the May 31, 2005, judgment entry.
 {¶ 5} State v. Foster was decided on February 27, 2006.
 ASSIGNMENT OF ERROR {¶ 6} "THE TRIAL COURT COMMITTED PLAIN ERROR WHEN THE TRIAL COURT MADE SPECIFIC FACTUAL FINDINGS WHEN SENTENCING APPELLANT TO PRISON, FOR MORE THAN THE MINIMUM SENTENCE WHEN SUCH FACTUAL FINDINGS MUST BE MADE BY A JURY."
 {¶ 7} Appellant argues that the trial court was without authority to sentence him to more than the minimum prison term for his offense because any greater sentence would violate his Sixth Amendment right to trial by jury. Appellant's argument is based on the United States Supreme Court ruling in Blakely v. Washington (2004), 542 U.S. 296,124 S.Ct. 2531, 159 L.Ed.2d 403, and the earlier related case ofApprendi v. New Jersey (2000), 530 U.S. 466, 120 S.Ct. 2348,147 L.Ed.2d 435. Blakely involved a felony conviction in a Washington state court for *Page 3 
second-degree kidnapping involving domestic violence and use of a firearm, carrying a ten-year maximum prison penalty. The "standard range" for Blakely's sentence was 49 to 53 months. The sentencing judge made a finding during the sentencing phase of trial that the crime involved "deliberate cruelty," one of the statutorily enumerated grounds that justified an exceptional sentence. The judge then imposed a 90-month prison sentence, well below the ten-year statutory maximum, but above the 53-month maximum of the "standard range."
 {¶ 8} The United States Supreme Court held that the sentence violated Blakely's Sixth Amendment right to trial by jury because the trial judge, rather than the jury, made the factual finding to support the exceptional sentence. Id., 542 U.S. at 304, 124 S.Ct. 2531,159 L.Ed.2d 403. The Supreme Court held that the maximum permissible sentence that a judge may impose must be based on facts reflected in the jury verdict or admitted by the defendant. Although the Washington felony statutes allowed for a greater punishment to be imposed, the Sixth Amendment right to trial by jury did not.
 {¶ 9} After Appellant's brief was filed in this appeal, the Ohio Supreme Court decided State v. Foster, which applied theBlakely holding to Ohio's felony sentencing scheme. Foster held that certain aspects of Ohio's felony statutes were unconstitutional in much the same way that the Washington statutes were found unconstitutional inBlakely. Although the Ohio Supreme Court invalidated certain statutory provisions requiring the sentencing judge to make specific factual findings to support anything more severe than the minimum sentence, the remaining aspects of *Page 4 
the sentencing statutes were upheld. By excising the offending statutory provisions, trial courts were given broad discretion to impose felony sentences up to the maximum allowable by law.
 {¶ 10} Appellant did not raise any constitutional issue regarding his sentence in his direct appeal. In fact, in his direct appeal, he argued that his sentence was invalid because the trial court failed to properly follow the precise statutes that were invalidated by Foster. The Ohio Supreme Court has held that, "[w]here a criminal defendant, subsequent to his or her direct appeal, files a motion seeking vacation or correction of his or her sentence on the basis that his or her constitutional rights have been violated, such a motion is a petition for postconviction relief as defined in R.C. 2953.21." State v.Reynolds (1997), 79 Ohio St.3d 158, 679, N.E.2d 1131, syllabus. Thus, Appellant's motion to vacate his sentence was correctly interpreted as a motion for postconviction relief, which is treated as a separate civil proceeding designed to collaterally attack the conviction or sentence. The rules governing civil postconviction relief proceedings are quite distinct from those governing direct appeals.
 {¶ 11} Appellant is barred, under the doctrine of res judicata, from raising errors in postconviction proceedings that could have been raised during trial or during direct appeal. "[A] convicted defendant is precluded under the doctrine of res judicata from raising and litigating in any proceeding, except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial which resulted in that judgment of conviction or on appeal from that judgment." State v. Szefcyk (1996), *Page 5 
77 Ohio St.3d 93, 96, 671 N.E.2d 233, reaffirming State v. Perry (1967),10 Ohio St.2d 175, 226 N.E.2d 104, paragraph nine of the syllabus. The doctrine of res judicata promotes the principle of finality of judgments by requiring the presentment of every possible ground for relief in the first action.Kirkhart v. Keiper, 101 Ohio St.3d 377, 378, 805 N.E.2d 1089,2004-Ohio-1496, at ¶ 5.
 {¶ 12} Blakely was decided shortly after Appellant's direct appeal was resolved in this Court, during the time that his case was being reviewed by the Ohio Supreme Court. Thus, Appellant could have raisedBlakely issues in his direct appeal to the Ohio Supreme Court, as did dozens of other criminal defendants during that time period who successfully had their sentences overturned. See, e.g., State v.Madison, 12th District No. CA2003 — 07-025, 2004-Ohio-3171 (decided by the Twelfth District on June 21, 2004, which was six days after Appellant's appeal was decided by this Court; defendant Madison further appealed to the Ohio Supreme Court, which resulted in a remand for resentencing under Foster; see In re Ohio Criminal SentencingStatutes, 109 Ohio St.3d 303, 2006-Ohio-2109, 847 N.E.2d 1174).
 {¶ 13} Because Appellant could have raised the Sixth Amendment issue to the Ohio Supreme Court but did not, he is barred from using postconviction relief proceedings to collaterally attack his sentence after his direct appeal had ended. Foster itself indicated that its holding should only be applied to cases on direct review.Foster, supra at ¶ 104, 106. Therefore, Appellant's assignment of error is without merit, and the judgment of the trial court dismissing Appellant's postconviction motion to vacate the sentence is affirmed. *Page 6 
 Vukovich, J., concurs. DeGenaro, P.J., concurs. *Page 1