JOURNAL ENTRY AND OPINION *Page 3 
{¶ 1} Defendant-appellant, Aaron Reels ("defendant"), appeals pro se following the trial court's denial of his petition to return property and to vacate forfeiture order. For the reasons that follow, we affirm.
 {¶ 2} In 2005, defendant pled guilty to one count of drug trafficking, a felony of the fifth degree; one count of drug trafficking, a felony of the third degree; and one count of a having weapon while under disability. As an additional condition of his guilty plea, defendant had to agree that the items listed on the forfeiture petition were contraband and voluntarily forfeit the items to the State. In exchange for defendant's guilty plea, the State would nolle all remaining counts of the indictment against him and consent to the imposition of an agreed mandatory 21-month prison sentence.
 {¶ 3} The trial court specifically inquired of defendant whether he heard and understood everything that was said concerning the plea offer, to which defendant responded, "yes." Defendant also indicated that no one had made any threats or promises to him in order to obtain his guilty plea.
 {¶ 4} The following exchange took place during the plea hearing and concerning the forfeiture component of the plea agreement:
 {¶ 5} "[THE STATE]: If both defendants agree that it's contraband and agree to voluntarily forfeit the items in the petition itself.
 {¶ 6} "[DEFENSE COUNSEL]: On behalf of Mr. Reels, we agree and stipulate that it's contraband. *Page 4 
 {¶ 7} "* * *
 {¶ 8} "[THE COURT]: Although I'm not exactly sure how the watch gift set and black fur coat and hat would be contraband, but if that's agreed by the parties. Okay."
 {¶ 9} The court accepted defendant's guilty plea and stipulation concerning the forfeiture of itemized property at the plea hearing held on September 30, 2005. On October 5, 2005, the order of forfeiture was signed by the trial court and filed for the record on October 11, 2005. The order specifically noted that the order of forfeiture was made "pursuant to voluntary forfeiture."
 {¶ 10} On a subsequent date in 2005, the trial court imposed the agreed sentence. Defendant did not appeal.
 {¶ 11} The record reflects that in February 2006, the court sua sponte scheduled a hearing and ordered the sheriff to transport defendant. The next docket entry reflects a nunc pro tunc entry by the trial court "as of and for 12/27/2005," where the trial court reimposed the 21-month agreed prison sentence but also included the provision of postrelease control as part of the sentence. The nunc pro tunc entry did not affect or vacate defendant's guilty plea that was entered or the order of forfeiture. Defendant did not appeal from the nunc pro tunc order or the resentencing. *Page 5 
 {¶ 12} On June 9, 2006, defendant filed a "Petition to Return Forfeiture Motion to Vacate Forfeiture Order." The trial court denied the petition as follows:
 {¶ 13} "Defendant's petition to return property and motion to vacate forfeiture order is overruled. Court has reviewed transcript of plea hearing, 9/30/2005, at which counsel for defendant] stated, in the presence of defendant]: `On behalf of Mr. Reels, we agree and stipulate that it's contraband.' Co-counsel stated: `Likewise.' At that time the Court observed: `Although I'm not exactly sure how the watch gift set and black fur coat and hat would be contraband, but if that's agreed by the parties. Okay.' Based upon the foregoing, the court finds that the defendant] voluntarily agreed to the forfeiture.
 {¶ 14} "The Court finds disingenuous defendant's] claim that his stipulation to forfeiture was the result of ineffective assistance of counsel. There is nothing in the record to suggest that his agreement to forfeiture was anything other than entirely knowingly, intelligently, and voluntarily done by defendant], upon consultation with counsel, as part of the plea negotiations with the prosecutor. This court sees no benefit to revisiting those negotiations at this juncture." (R. 40).
 {¶ 15} All three of the assigned errors relate to the trial court's denial of defendant's motion to vacate the forfeiture order and will therefore be addressed together but out of order for ease of discussion. *Page 6 
 {¶ 16} "I. The trial court erred in its denial of defendant-appellant's pro-se motion to [sic] return of forfeiture properties for failure to prove that properties is [sic] a proceeds of criminal conduct and failure to conduct an independent hearing in violation of appellant's due process clause of the 5th
and 14th Amendment of U.S. Constitution and R.C. §2933.43(C).
 {¶ 17} "II. The trial court lacks subject-matter jurisdiction to grant forfeiture to the State when it conducted a hearing without compliance with strict requirement with the 45-day limit, after the second resentencing hearing.
 {¶ 18} "III. Defense counsel rendered ineffective assistance to the prejudice of appellant when counsel entered stipulation forfeiting personal property in violation of the 6th and 14th Amendment to the U.S. Constitution."
 {¶ 19} In his third assignment of error, defendant maintains that he received ineffective assistance because his counsel stipulated to the forfeiture of his property.
 {¶ 20} In order for this Court to reverse a conviction on the grounds of ineffective assistance of counsel, we must find that (1) counsel's performance was deficient and (2) that the deficient performance prejudiced the defense so as to deprive the defendant of a fair trial.Strickland v. Washington (1984), 466 U.S. 668, 687. Counsel's performance is deficient if it falls below an objective standard of reasonable representation. State v. Bradley (1989), 42 Ohio St.3d 136, paragraph two of the syllabus. To establish prejudice, "the defendant must prove that there *Page 7 
exists a reasonable probability that, were it not for counsel's errors, the result of the trial would have been different." Id. at paragraph three of the syllabus. Defendant has not established either prong of the applicable test.
 {¶ 21} Defendant concedes that the plea offered to him by the State depended in part upon his voluntary agreement to forfeit the property. He does not now, and has never, asserted a claim that his plea was other than knowing, intelligent, and voluntarily made.
 {¶ 22} Defendant's claims that his counsel did not properly advise him about forfeiture proceedings is not supported by anything in the record. Rather, the terms of the negotiated plea and agreed sentence are detailed on the record. It is quite clear that the voluntary forfeiture was part of the plea agreement and was repeatedly raised by the State during the hearing.
 {¶ 23} The trial court specifically addressed the forfeiture issue in defendant's presence. Defendant affirmed to the court that he understood everything that was said concerning the plea offer. The trial court accepted defendant's plea, entered the forfeiture order as agreed by the parties, and defendant, in turn, received reduced charges, the dismissal of other charges, and an agreed prison sentence. To allow defendant to renege on his part of the plea agreement could not be accomplished without vacating the entire plea and thereby reinstating all the offenses as originally indicted against the defendant, an issue that is not before us. Defendant does not claim that his counsel's stipulation affected his decision to enter *Page 8 
the guilty plea that depended on it. Accordingly, defendant's third assignment of error lacks merit and is overruled.
 {¶ 24} This Court has previously held that "[w]hen the defendant forfeits [property] as part of a plea agreement, authorities are not required to adhere to the strict requirements of statutory forfeitures."State v. Nunn (Sept. 21, 1995), Cuyahoga App. No. 67755, citingState v. Gladden (1993), 86 Ohio App.3d 287. Accordingly, defendant's first assignment of error is without merit.
 {¶ 25} Defendant's second assignment asserts that the trial court lacked subject matter jurisdiction to enter the forfeiture order due to a nunc pro tunc journal entry relating to defendant's sentence. Defendant voluntarily agreed to forfeit the property as part of the plea agreement. The forfeiture order was entered following defendant's guilty plea and expressly issued "pursuant to voluntary forfeiture." Neither defendant's guilty plea nor the order of forfeiture were affected by the nunc pro tunc sentencing order. The second assignment of error is overruled.
Judgment affirmed.
It is ordered that appellee recover from appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Court of Common Pleas to carry this judgment into execution. The defendant's conviction *Page 9 
having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
JAMES J. SWEENEY, PRESIDING JUDGE
 MARY EILEEN KILBANE, J., and MELODY J. STEWART, J., CONCUR. *Page 1