OPINION *Page 2 
{¶ 1} Defendant-appellant, Randy A. Smith, appeals from his convictions and sentences in the Muskingum County Court of Common Pleas on one count of Trafficking in Heroin, a felony of the fifth degree in violation of R.C. 2925.03(A)(1); one count of Trafficking in Heroin, a felony of the fourth degree in violation of R.C. 2925.03(A)(1); one count of Permitting Drug Abuse, a felony of the fifth degree in violation of R.C. 2925.13(A), with a Forfeiture Specification per R.C. 2925.42(B)(1); and one count of Trafficking in Oxycontin in the vicinity of a school, a felony of the second degree in violation of R.C. 2925.03(A)(1). Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND CASE[1] {¶ 2} In exchange for a guilty plea, the State agreed to recommend a three-year mandatory prison sentence on the felony of the second-degree trafficking charge with the remaining counts running concurrent. The appellant agreed to forfeit his real estate.
 {¶ 3} On or about November 22, 2006, appellant withdrew his former pleas of not guilty and pleaded guilty to all four counts contained in the indictment. Appellant also pleaded guilty to the forfeiture specification and the school specification. The Court accepted appellant's pleas and ordered a pre-sentence investigation.
 {¶ 4} On January 22, 2007, appellant appeared before the Court for sentencing. Appellant was sentenced to one-year sentences on each of the felonies of the fourth and fifth degree, and a three-year mandatory sentence on the felony of the second degree. Those sentences were ordered to run concurrently. The Court also ordered *Page 3 
forfeiture of the real property located at 518 Spangler Drive, which forfeiture was part of the plea agreement.
 {¶ 5} On February 12, 2007, the trial court ordered the defendant-appellant's forfeited real property sold at auction. On September 20, 2007, defendant-appellant, citing constitutional infirmities in his case, filed a request for an injunction with the trial court seeking to stay the sale of his real property. On October 5, 2007, the trial court overruled appellant's motion for a stay noting that the time to file an appeal had passed. On October 6, 2007, the appellant's forfeited real property sold at auction for $11,000.00.
 {¶ 6} This Court granted appellant's motion to file a delayed appeal. Appellant submits the following three assignments of error for our consideration:
 {¶ 7} "I. THE DEFENDANT-APPELLANT WAS DENIED DUE PROCESS AS HIS PLEA WAS UNKNOWING, UNINTELLIGENT AND INVOLUNTARY.
 {¶ 8} "II. THE DEFENDANT-APPELLANT WAS DENIED DUE PROCESS WHEN THE TRIAL COURT FAILED TO INDEPENDENTLY DETERMINE WHETHER THE FORFEITURE OF HIS REAL PROPERTY CONSTITUTED AN EXCESSIVE FINE.
 {¶ 9} "III. THE DEFENDANT-APPELLANTS SENTENCE ON COUNT FOUR OF THE INDICTMENT IS VOID AS AN UNCONSTITUTIONALLY EXCESSIVE FINE."
 I. {¶ 10} Appellant argues in his first assignment of error that his guilty plea was not knowing, intelligent, and voluntary. We disagree.
 {¶ 11} The entry of a plea of guilty is a grave decision by an accused to dispense with a trial and allow the state to obtain a conviction without following the otherwise *Page 4 
difficult process of proving his guilt beyond a reasonable doubt. SeeMachibroda v. United States (1962), 368 U.S. 487, 82 S.Ct. 510,7 L.Ed.2d 473.
 {¶ 12} A plea of guilty constitutes a complete admission of guilt. Crim. R. 11 (B) (1). "By entering a plea of guilty, the accused is not simply stating that he did the discreet acts described in the indictment; he is admitting guilt of a substantive crime." United v.Broce (1989), 488 U.S. 563, 570, 109 S.Ct. 757, 762.
 {¶ 13} Crim. R. 11 requires guilty pleas to be made knowingly, intelligently and voluntarily. Although literal compliance with Crim. R. 11 is preferred, the trial court need only "substantially comply" with the rule when dealing with the non-constitutional elements of Crim. R. 11(C). State v. Ballard, 66 Ohio St.2d at 475, 20 O.O.3d at 398,423 N.E.2d at 117, citing State v. Stewart (1977), 51 Ohio St.2d 86,5 O.O.3d 52, 364 N.E.2d 1163. In State v. Griggs, 103 Ohio St.3d 85,2004-Ohio-4415, 814 N.E.2d 51, ¶ 12, the Ohio Supreme Court noted the following test for determining substantial compliance with Crim. R. 11:
 {¶ 14} "Though failure to adequately inform a defendant of his constitutional rights would invalidate a guilty plea under a presumption that it was entered involuntarily and unknowingly, failure to comply with non-constitutional rights will not invalidate a plea unless the defendant thereby suffered prejudice.[State v. Nero (1990),56 Ohio St.3d 106,] 108, 564 N.E.2d 474. The test for prejudice is `whether the plea would have otherwise been made.' Id. Under the substantial-compliance standard, we review the totality of circumstances surrounding [the defendant's] plea and determine whether he subjectively understood [the effect of his plea]." See, State v. Sarkozy,117 Ohio St.3d 86, 2008-Ohio-509 at ¶ 19-20. *Page 5 
 {¶ 15} With respect to statements made during change of plea hearings, the United States Supreme Court has stated, "the representation of the defendant, his lawyer, and the prosecutor in such a hearing, as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings. Solemn declarations in open court carry a strong presumption of verity. The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible." Machibroda v.United States (1962), 368 U.S. 487, 497, 82 S.Ct. 510, 515. Although the plea or sentencing proceedings record is imposing, it is not insurmountable. Id.
 {¶ 16} Appellant presents several arguments to support his claim that his guilty plea was not knowing, voluntary, and intelligent. Appellant first asserts that his guilty plea was not knowing, intelligent, and voluntary because he was not informed by the court that he was ineligible for judicial release.
 {¶ 17} Judicial release, as with the former early release through parole, "is distinct from sentencing because it operates to reduce a prison term the court has imposed." State v. White, 2nd Dist. No. 04CA120, 2005-Ohio-5906, at ¶ 22. Thus, it is not the sort of "effect of the plea" of which a defendant must be informed before entering a plea. As the Ohio Supreme Court has recognized, "a defendant who bases a plea decision on parole eligibility will often be relying on a factor beyond the prediction of defense counsel, and beyond the actual control of a defendant." State v. Xie (1992), 62 Ohio St .3d 521, 524-525. See,State v. Mitchell, 11th Dist. No. 2004-T-0139,2006-Ohio-618 at ¶ 14. *Page 6 
 {¶ 18} At neither, the plea portion of the hearing nor the sentencing phase of the hearing was there any mention, by either the trial court or trial counsel, regarding appellant's eligibility for judicial release. The written Plea of Guilty Form executed by appellant and his attorney contains the following provision:
 {¶ 19} "The Defendant acknowledges that the parties have engaged inplea negotiations and he accepts and agrees to be bound by the followingagreement, which is the product of such negotiations.
 {¶ 20} "Upon a plea of `guilty' to Counts one, two, four and five ofthe Indictment, as well as the forfeiture specification attached tocount four, the State recommends, and the Defendant agrees to accept theState's recommendations that the Defendant receive a three (3) yearmandatory sentence. All other sanctions are left to the discretion ofthe Court.
 {¶ 21} "The Defendant as part of the plea agreement agrees to forfeitto the State of Ohio, the real estate listed in the forfeiturespecification attached to count four, and located at 518 Spangler Drive,Muskingum County, Zanesville, Ohio. . . ."(Emphasis in original).
 {¶ 22} At the change of plea hearing, and again prior to the pronouncement of sentence, the State informed the trial court that this was a negotiated plea. (Plea T. at 3; Sent. T. at 4). Appellant agreed. (Id.). The trial court further informed appellant, prior to accepting his plea, "[y]ou also understand you're not eligible for community control because the felony of the second degree drug offense requires mandatory time?" (Plea T. at 7). Appellant acknowledged that he understood. (Id.). The trial court further inquired, "The State of Ohio is recommending that you receive a three-year mandatory *Page 7 
sentence. And in return for that, they will nolle Count No. [3]. And also, you agree to forfeit the real estate located at 518 Spangler Drive to the State of Ohio. Is that your understanding?" (Plea T. at 8). The appellant replied "yes" (Id.). The trial court additionally asked appellant if he had been promised anything else or threatened in any way in order to enter his pleas of guilty, to which the appellant replied no. (Id. at 9).
 {¶ 23} If, in fact, appellant subjectively held some such belief, that he would be eligible for judicial release there is no evidence of it in the record or that such belief was essential to his decision to plead guilty. "[Petitioner] wants us to rely on his allegedsubjective impression of what his plea bargain was, rather than the bargain outlined in the record. The record in the case indicates that [Petitioner] responded negatively (and, he wants us to believe,untruthfully) to a judge's inquiry as to whether any promises had been made to him in order to get him to so plead.
 {¶ 24} "If we were to rely on [Petitioner's] alleged subjective impression rather than the record, we would be rendering the plea colloquy meaningless, for any convict who alleges that he believed the plea bargain was different from that outlined in the record could withdraw his plea, despite his own statements during the plea colloquy (which he now argues were untruthful) indicating the opposite. This we will not do, for the plea colloquy process exists in part to prevent petitioner's such as Ramos from making the precise claim that is today before us. Where the court has scrupulously followed the required procedure, the defendant is bound by his statements in response to that court's inquiry." Ramos v. Rogers, 170 F.3d at 566 (emphasis in original, and citing Baker v. United States, 781 F.2d 85, 90). There is no constitutional or inherent right to be released before the expiration of a valid sentence. Greenholtz v. Inmates of *Page 8 Nebraska Penal Correctional Complex (1979), 442 U.S. 1, 7,97 S.Ct. 2100, 2104, 60 L.Ed.2d 668, 675; State ex rel. Hogan v. Ghee (1999),85 Ohio St.3d 150, 151, 707 N.E.2d 494, 495.
 {¶ 25} Accordingly, we hold that the trial court substantially complied with the requirements of Crim. R. 11(C) (2) and that appellant was not prejudiced by the lack of specific representation about his ineligibility for judicial release. See State v. Simpson, 10th App. No. 07AP-929, 2008-Ohio-2460 at ¶ 6; State v. Mitchell, 11th App. No. 2004-T-0139, 2006-Ohio-618, certiorari denied, ___ Ohio St.3d ___,2006-Ohio-2998 (the trial court's and trial counsel's erroneous misrepresentations regarding judicial release eligibility did not invalidate a guilty plea where the trial court complied with Crim. R. 11); State v. Cvijetinovic, 8th App. No. 81534, 2003-Ohio-563 (guilty plea upheld where the record failed to demonstrate that defendant relied upon the trial court's misstatements about judicial release); State v.Taylor, 12th App. No. 2003-07-025, 2004-Ohio-3171, certiorari denied,103 Ohio St.3d 1526 (guilty plea upheld where record did not reflect that the decision to plead guilty was influenced by the trial court's erroneous information regarding his eligibility for judicial release);State v. Blackshear (Sept. 19, 2001), 7th App. No. 00 C.A. 240 (under the circumstances, trial counsel's misrepresentations regarding eligibility for judicial release did not invalidate guilty plea). Unless incorporated into a plea agreement, the trial court is not under an obligation to inform a defendant regarding his eligibility for judicial release. See, Hill v. Lockhart (1985), 474 U.S. 52, 56, 106 S.Ct. 366,88 L.Ed.2d 203 ("[w]e have never held that the United States Constitution requires the State to furnish a defendant with information about parole eligibility in order for the defendant's plea of guilty to be voluntary"). *Page 9 
 {¶ 26} Appellant next asserts that his guilty plea was not knowing, intelligent, and voluntary because the trial court failed to inform him of his constitutional right to a unanimous verdict.
 {¶ 27} Initially, there is no explicit requirement in Crim. R. 11(C) (2) (a) that a defendant be informed of his right to a unanimous verdict. State v. Simpson, supra at ¶ 11. Further, several courts, including the Ohio Supreme Court, have held there is no requirement that a trial court inform a defendant of his right to a unanimous verdict. See, e.g., State v. Ketterer, 111 Ohio St.3d 70, 2006-Ohio-5283, at ¶ 68 (the trial court was not required to specifically advise defendant on the need for juror unanimity); State v. Fitzpatrick,102 Ohio St.3d 321, 2004-Ohio-3167, at ¶ 44-46 (accused need not be told that jury unanimity is necessary to convict and to impose sentence); State v.Barnett, Hamilton App. No. C-060950, 2007-Ohio-4599 at ¶ 6; State v.Simpson, supra at ¶ 11.
 {¶ 28} It is also well established that a defendant need not have a complete or technical understanding of the jury trial right in order to knowingly and intelligently waive it. State v. Bays (1999),87 Ohio St. 3d 15, 20. In State v. Jells (1990), 53 Ohio St.3d 22, 25-26, the Ohio Supreme Court held:
 {¶ 29} "There is no requirement in Ohio for the trial court to interrogate a defendant in order to determine whether he or she is fully apprised of the right to a jury trial. The Criminal Rules and the Revised Code are satisfied by a written waiver, signed by the defendant, filed with the court, and made in open court, after arraignment and opportunity to consult with counsel." *Page 10 
 {¶ 30} Here, appellant indicated he was fully apprised of his rights, and he executed a written plea of guilty. Nothing in the record rebuts the presumption that this written guilty plea was knowingly, intelligently, and voluntarily made.
 {¶ 31} For all the above reasons, we find the trial court did not err when it failed to inform appellant of his right to a unanimous jury verdict, and, based upon the totality of the circumstances, we conclude appellant entered his plea voluntarily. The trial court clearly complied with the mandates of Crim. R. 11(C). Therefore, appellant's first assignment of error is overruled.
 II. {¶ 32} In his second assignment of error appellant argues that even though he agreed to the forfeiture, the trial court was required to independently determine whether the forfeiture constituted an excessive fine in violation of the Excessive Fines Clauses of the United States and Ohio Constitutions. We disagree.
 {¶ 33} Under the doctrine of "invited error," it is well settled that "a party will not be permitted to take advantage of an error which he himself invited or induced the trial court to make." State ex rel. Smithv. O'Connor (1995), 71 Ohio St. 3d 660, 663, citing State ex rel. Fowlerv. Smith (1994), 68 Ohio St.3d 357, 359. See, also, Lester v. Leuck
(1943), 142 Ohio St. 91, paragraph one of the syllabus. As the Ohio Supreme Court has stated:
 {¶ 34} "The law imposes upon every litigant the duty of vigilance in the trial of a case, and even where the trial court commits an error to his prejudice, he is required then and there to challenge the attention of the court to that error, by excepting thereto, and upon failure of the court to correct the same to cause his exceptions to be noted. It *Page 11 
follows, therefore, that, for much graver reasons, a litigant cannot be permitted, either intentionally or unintentionally, to induce or mislead a court into the commission of an error and then procure a reversal of the judgment for an error for which he was actively responsible."Lester at 92-93, quoting State v. Kollar (1915), 142 Ohio St. 89, 91. In the case at bar, appellant, along with the State, asked the court to approve and carry out the plea agreement. Appellant orally and in writing agreed to forfeit the real estate and, at the time of sentencing, executed a deed conveying the property to the State. Therefore, appellant invited any error that occurred regarding the failure of the trial court to independently determine whether the forfeiture constituted an excessive fine. State v. Green, 4th Dist. 07CA33, 2008-Ohio-2284 at ¶ 18.
 {¶ 35} Even if we did review appellant's assignment of error, the result would not change.
 {¶ 36} R.C. 2925.42 in effect at the time of appellant's actions in the case at bar governed the criminal forfeiture of property belonging to persons who are convicted of felony drug abuse offenses. Section (B) (3) (a) provided that, "[i]f a person is convicted of * * * a felony drug abuse offense * * * then a special proceeding shall be conducted * * * to determine whether any property * * * will be the subject of an order of forfeiture [.]"
 {¶ 37} The record reflects that appellant's indictment contained a forfeiture specification in compliance with R.C. 2925.42(B). As set forth in our disposition of appellant's first assignment of error, the written plea agreement in appellant's case contains the following acknowledgement, "[t]he Defendant as part of the plea agreement agreesto forfeit to the State of Ohio, the real estate listed in theforfeiture specification attached to count four, and located at 518Spangler Drive, *Page 12 Muskingum County, Zanesville, Ohio. . . ." (Emphasis in original). Appellant acknowledged during the colloquy with the trial court that he understood he was "forfeiting the real estate located at 518 Spangler Drive . . ." (Plea T. at 8; 9). Appellant further pleaded guilty to the forfeiture specification. (Id. at 11).
 {¶ 38} "The record indicates that [appellant] was aware that specific property would be forfeited if he pled [guilty]. * * * By entering into a plea arrangement and voluntarily relinquishing the forfeited property, [appellant] waived any procedural or due process right with respect to the forfeiture order." State v. Smith (1997), 117 Ohio App. 3d 656, 669; see, also, State v. Harris, 6th Dist. No. E-06-015,2007-Ohio-6363 at ¶ 23; State v. Duncan, 9th Dist. No. 07CA0050, 2007-Ohio-6004 at ¶ 18; State v. Reels, 8th
Dist. No. 89197, 2007-Ohio-6488; State v. Gloeckner (March 21, 1994), 4th Dist. No. 520; State v. Gladden(1993),86 Ohio App.3d 287, 620 N.E.2d 947.
 {¶ 39} Accordingly, appellant's second assignment of error is overruled.
 III. {¶ 40} In his third assignment of error appellant argues that the trial court erred in ordering the forfeiture of the premises located at 518 Spangler Drive, Muskingum County, Zanesville, Ohio because it violates the Excessive Fines Clauses of the United States and Ohio Constitutions. We disagree.
 {¶ 41} The forfeiture of property, pursuant to R.C. 2925.42, is a form of criminal penalty and is, therefore, considered a fine for purposes of Section 9, Article I of the Ohio Constitution and the Eighth Amendment of the United State's Constitution. State v. Hill, 70 Ohio St.3d 25, 34,1994-Ohio-12, 635 N.E.2d 1248. The defendant bears the burden to request a hearing and to prove by a preponderance of the evidence the *Page 13 
forfeiture is excessive. State v. Ziepfel (1995), 107 Ohio App. 3d 646,669 N.E.2d 299. See also, United States v. Alexander (C.A.8, 1994),32 F.3d 1231.
 {¶ 42} Forfeitures are not favored in law or equity. State v.Baumholtz (1990), 50 Ohio St.3d 198, 553 N.E.2d 635. The proportionality of a forfeiture must be assessed on a case-by-case basis. State v.Hill, supra. Therefore, prior to entering an order of forfeiture, the trial court must make an independent determination whether forfeiture of the property is an excessive fine prohibited by the excessive fine clauses of the Ohio and United State's Constitutions. State v.Hill, 70 Ohio St.3d at 34. Forfeiture will only be considered an excessive fine when in light of all the relevant circumstances, the forfeiture is grossly disproportionate to the offense committed. Id
 {¶ 43} Neither the United States Supreme Court nor the Ohio Supreme Court have offered any guidance as to the exact dollar figure which causes a forfeiture to become so grossly disproportionate to the crime charged that it becomes excessive. State v. Scheibelhoffer, Lake App. No. 8-L-039, (June 30, 1999), unreported. However, case law has established the following factors to be considered in determining the constitutionality of the forfeiture: (1) the value of the vehicle; (2) the circumstances of the individual case; (3) the harm caused or the potential harm caused; (4) whether the property sought to be forfeited was closely related to the crime; and, (5) any other factors relevant to the issue. State v. Ziepfel, supra. In United States v. Sarbello (C.A.3, 1993), 985 F.2d 716, the court emphasized in order to be an "excessive fine," the "constitutionally cognizable disproportionality must reach such a level of excessiveness that in justice the punishment is more that the crime". Id. at 724; State v. Quick, Licking App. No. 06-CA-142,2007-Ohio-2623 at ¶ 12-14. *Page 14 
 {¶ 44} Courts addressing cases factually similar to the present case have concluded that the forfeiture did not amount to an excessive fine. See United States v. Certain Real Property and Premises Known as 38Whalers Cove Drive, Babylon, New York (C.A.2, 1992), 954 F.2d 29
(forfeiture of $68,000 interest in condominium not unconstitutionally disproportionate to sale of two hundred-fifty dollars [$250] worth of cocaine on the premises); United States v. Real Property Known andNumbered as 429 South Main Street, New Lexington, Ohio (S.D.Ohio, 1993),843 F.Supp. 337 (forfeiture of property valued at eighty-three thousand seven hundred dollars [$83,700] for its use in conjunction with three sales of marijuana totaling ninety-five dollars [$95] did not violate Excessive Fines Clause of Eighth amendment); see, also, State v.Ziepfel (1995), 107 Ohio App.3d 646, 669 N.E.2d 299 (forfeiture of motorcycle worth at least $23,000 was not grossly disproportionate after driver's fourth offense of driving-under-the-influence.); State v.Scheibelhoffer (June 30, 1999), Lake App. No. 98-L-039, unreported, 4-5 (upholding the forfeiture of a house worth $31,470 after a conviction of selling $250 worth of cocaine); State v. Wolfe (June 30, 2000), 7th Dist. No. 97 BA 37(upholding the forfeiture of a house worth $63,390 where the maximum fine was $2,500 on each of the two counts).
 {¶ 45} Appellant points to no evidence in the record to support his assertion that the forfeiture was excessive. He simply argues that because the subject property sold at auction for more than the maximum fine for the count in the indictment that contained the forfeiture specification the fine is excessive. However, as the State notes, appellant pleaded guilty to an additional three counts involving trafficking in heroin and Oxycontin. One of those counts contained a specification that the drug activity occurred within the *Page 15 
vicinity of a school. Accordingly, the drug trafficking involved in the instant case is of an egregious nature. Appellant therefore faced a potential maximum sentence of eleven and one half years in prison and possible maximum fines totaling $25,000.00.
 {¶ 46} As evidenced by the Judgment Entry Confirming the Sale of Real Property and Authorizing the Disbursal of Proceeds, filed October 26, 2007, liens and expenses involved in the clean up and sale of the subject property amounted to approximately $10,450.00. The liens included delinquent real estate taxes and delinquent child support. The property sold at auction for $11,000.00.
 {¶ 47} After considering all relevant circumstances, this court finds that the forfeiture of appellant's property valued at $11,000 was not so grossly disproportionate as to violate the Excessive Fines Clauses of the Ohio and United States Constitutions.
 {¶ 48} Appellant's third assignment of error is overruled. *Page 16 
 {¶ 49} The judgment of the Court of Common Pleas, Muskingum County, Ohio is affirmed.
 Gwin, J., Hoffman, P.J., and Farmer, J., concur. *Page 17 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas, Muskingum County, Ohio is affirmed. Costs to appellant.
[1] A Statement of the Facts underlying Appellant's conviction is unnecessary to our disposition of this case; therefore, such shall not be included herein. *Page 1