OPINION *Page 2 
{¶ 1} On January 18, 2007, the Muskingum County Grand Jury indicted appellant, David McBrayer, on one count of felonious assault in violation of R.C. 2903.11 and two counts of child endangering in violation of R.C. 2919.22. Said charges arose from an incident involving "shaken baby syndrome" and his son, Konnor.
 {¶ 2} On February 19, 2008, appellant pled guilty to the child endangering counts. The felonious assault count was nolled. By entry filed March 19, 2008, the trial court sentenced appellant to eight years in prison.
 {¶ 3} Appellant filed an appeal and this matter is now before this court for consideration. Assignment of error is as follows:
 I {¶ 4} "THE DEFENDANT-APPELLANT WAS DENIED DUE PROCESS AS HIS PLEA WAS UNKNOWING, UNINTELLIGENT AND INVOLUNTARY."
 I {¶ 5} Appellant claims his guilty plea was unknowingly, unintelligently, and involuntarily given because of the trial court's failure to inform him of his constitutional right to a unanimous jury verdict. We disagree.
 {¶ 6} The entry of a plea of guilty is a grave decision by an accused to dispense with a trial and allow the state to obtain a conviction without following the otherwise difficult process of proving his guilt beyond a reasonable doubt. See, Machibroda v. United States (1962),368 U.S. 487.
 {¶ 7} A plea of guilty constitutes a complete admission of guilt. Crim. R. 11(B)(1). "By entering a plea of guilty, the accused is not simply stating that he did the discreet *Page 3 
acts described in the indictment; he is admitting guilt of a substantive crime." United v. Broce (1989), 488 U.S. 563, 570.
 {¶ 8} Crim. R. 11 requires guilty pleas to be made knowingly, intelligently and voluntarily. Although literal compliance with Crim. R. 11 is preferred, a trial court need only "substantially comply" with the rule when dealing with the non-constitutional elements of Crim. R. 11(C).State v. Ballard, 66 Ohio St.2d at 475, citing State v. Stewart (1977),51 Ohio St.2d 86. In State v. Griggs, 103 Ohio St.3d 85, 2004-Ohio-4415, ¶ 12, the Supreme Court of Ohio noted the following test for determining substantial compliance with Crim. R. 11:
 {¶ 9} "Though failure to adequately inform a defendant of his constitutional rights would invalidate a guilty plea under a presumption that it was entered involuntarily and unknowingly, failure to comply with non-constitutional rights will not invalidate a plea unless the defendant thereby suffered prejudice. [State v. Nero (1990),56 Ohio St.3d 106,] 108, 564 N.E.2d 474. The test for prejudice is `whether the plea would have otherwise been made.' Id. Under the substantial-compliance standard, we review the totality of circumstances surrounding [the defendant's] plea and determine whether he subjectively understood [the effect of his plea]." State v. Sarkozy,117 Ohio St.3d 86, 2008-Ohio-509, at ¶ 19-20.
 {¶ 10} With respect to statements made during change of plea hearings, the United States Supreme Court has stated the following:
 {¶ 11} "[T]he representation of the defendant, his lawyer, and the prosecutor in such a hearing, as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings. Solemn declarations in *Page 4 
open court carry a strong presumption of verity. The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible." Machibroda, supra, at 497.
 {¶ 12} Although the plea or sentencing proceedings record is imposing, it is not insurmountable. Id.
 {¶ 13} During the February 19, 2008 change of plea hearing, the following exchange occurred between the trial court and appellant:
 {¶ 14} "THE COURT: You also understand, Mr. McBrayer, that by pleading guilty here today, you are giving up certain constitutional rights?
 {¶ 15} "THE DEFENDANT: Yes, sir.
 {¶ 16} "THE COURT: You understand that by pleading guilty, you are giving up your right to have a jury trial, you're also giving up your right to waive that jury trial and have your case tried directly to the Court?
 {¶ 17} "THE DEFENDANT: Yes, sir." T. at 15.
 {¶ 18} Appellant asserts his guilty plea was not knowing, intelligent, and voluntary because the trial court failed to inform him of his constitutional right to a unanimous verdict. In State v. Smith, Muskingum App. No. CT2007-0073, 2008-Ohio-3306, ¶ 27-29, this court succinctly explained the following:
 {¶ 19} "Initially, there is no explicit requirement in Crim. R. 11(C) (2) (a) that a defendant be informed of his right to a unanimous verdict. State v. Simpson, supra at ¶ 11. Further, several courts, including the Ohio Supreme Court, have held there is no requirement that a trial court inform a defendant of his right to a unanimous verdict. *Page 5 See, e.g., State v. Ketterer, 111 Ohio St.3d 70, 2006-Ohio-5283, at ¶ 68 (the trial court was not required to specifically advise defendant on the need for juror unanimity); State v. Fitzpatrick,102 Ohio St.3d 321, 2004-Ohio-3167, at ¶ 44-46 (accused need not be told that jury unanimity is necessary to convict and to impose sentence); State v.Barnett, Hamilton App. No. C-060950, 2007-Ohio-4599 at ¶ 6; State v.Simpson, supra at ¶ 11.
 {¶ 20} "It is also well established that a defendant need not have a complete or technical understanding of the jury trial right in order to knowingly and intelligently waive it. State v. Bays (1999),87 Ohio St.3d 15, 20. In State v. Jells (1990), 53 Ohio St. 3d 22, 25-26, the Ohio Supreme Court held:
 {¶ 21} "`There is no requirement in Ohio for the trial court to interrogate a defendant in order to determine whether he or she is fully apprised of the right to a jury trial. The Criminal Rules and the Revised Code are satisfied by a written waiver, signed by the defendant, filed with the court, and made in open court, after arraignment and opportunity to consult with counsel.'"
 {¶ 22} Upon review, we find the Crim. R. 11 colloquy in this case was sufficient and met all the requirements of said rule.
 {¶ 23} The sole assignment of error is denied. *Page 6 {¶ 24} The judgment of the Court of Common Pleas of Muskingum County, Ohio is hereby affirmed.
 Farmer, P.J., Edwards, J., and Delaney, J., concur. *Page 7 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Muskingum County, Ohio is affirmed. *Page 1